**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO<br>BETEILIGUNGS GMBH & CO KG<br><br>　　　Plaintiff,<br><br>v.<br><br>DOES 1 – 2,094<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  CA. 1:10-cv-00453-RMC<br>)<br>)<br>)  **Next Deadline: N/A**<br>) |

**DECLARATION OF BENJAMIN PERINO IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

I, Benjamin Perino, declare:

　　1.  I am one of four Managers of the US Copyright Group (USCG) which is a private company dedicated to anti-piracy efforts in the motion picture industry involving unlawful torrent downloading.  I submit this declaration in support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference.

　　2.  The Plaintiff in this action is producer and distributor of motion pictures.  The Plaintiff has engaged the USCG to, among other tasks, document evidence of the unauthorized reproduction and distribution of the Plaintiff's copyrighted motion picture *"Far Cry"* within the United States of America, including the District of Columbia.  As a Manager of the USCG, I am responsible for coordinating the USCG's worldwide enforcement effort against internet piracy, which necessarily includes enforcement within the District of Columbia.  My duties include supervision of our online copyright infringement campaign, identification and development of Internet anti-piracy technologies, identification of online torrent (see definition and description

below in paragraph 7) copyright infringers, and I also assist with coordination of Internet anti-piracy efforts around the globe.

3. This declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

**Background**

4. The Internet is a vast collection of interconnected computers and computer networks that communicate with each other. It allows hundreds of millions of people around the world to freely and easily exchange ideas and information, including academic research, literary works, financial data, music, audiovisual works, graphics, and an unending and ever-changing array of other data. Unfortunately, the Internet also has afforded opportunities for the wide-scale infringement of copyrighted motion pictures. Once a motion picture has been transformed into an unsecured digital format, it can be copied further and distributed an unlimited number of times over the Internet, without significant degradation in picture or sound quality.

5. To copy and distribute copyrighted motion pictures over the Internet, many individuals use online media distribution systems or so-called "peer-to-peer" ("P2P") networks. P2P networks, at least in their most common form, are computer systems that enable Internet users to (1) make files (including motion pictures) stored on each user's computer available for copying by other users; (2) search for files stored on other users' computers; and (3) transfer exact copies of files from one computer to another via the Internet.

6. At any given moment and depending on the particular P2P network involved, anywhere from thousands to millions of people, either across the country or around the world, unlawfully use the P2P network to upload (distribute) or download (copy) copyrighted material. The P2P systems represent a "viral" distribution of digital files: each user of the system who copies a

digital file from another user can then distribute the file to still other users and so on, so that almost-perfect copies of an infringing file can be distributed to millions of people worldwide with breathtaking speed. Significantly, a person who uses a P2P network is free to use any alias (or "network name") whatsoever, without revealing his or her true identity to other users. Thus, while Plaintiff has observed the infringement occurring on the Internet, it does not know the true names or addresses of those individuals who are committing the infringement.

7. We observed that the manner of the transfer of the motion picture for which Plaintiff holds the exclusive rights, *"Far Cry"*, among the P2P network user defendants is called a "BitTorrent protocol" or "torrent" which is different than the standard P2P protocol used for such networks as Kazaa and Limewire. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a "seed". Other users ("peers") on the network connect to the seed file to download. As yet additional peers request the same file, each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprise the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm". The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

8. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases.

Because of the nature of a BitTorrent protocol, any seed peer who has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country. (See Decl. of Patrick Achache.)

9. Because the Plaintiff has not authorized this copyrighted motion picture to be copied or distributed in unsecured BitTorrent protocol format by means of P2P networks, I believe that the copying and distribution of the motion picture on P2P networks violates the copyright laws.

### Plaintiff's Identification of the Doe Defendants

10. In order to assist Plaintiff in combating copyright infringement on P2P networks, the USCG retained Guardaley Limited ("Guardaley"), a company incorporated in England and Wales under company number 06576149. Guardaley provides torrent anti-piracy and copyright protection services through sophisticated technology and proprietary technology and software programs. (See Decl. of Patrick Achache, at ¶ 4.) Guardaley caused searches of several P2P networks to be conducted for infringing copies of the copyrighted motion picture, "*Far Cry*". The search function of the P2P network was used to look for network users who were offering for distribution audiovisual files that were labeled with the names of Plaintiff's copyrighted motion picture. Guardaley then conducted a careful and thorough review of the data contained in logs obtained from the servers of certain P2P networks using its proprietary technology. Guardaley determined from these logs those network users who were offering for distribution audiovisual torrent files that were labeled with the name of Plaintiff's copyrighted motion picture. (See Decl. of Patrick Achache at ¶¶ 8-14.) When a network user was located who was

making such torrent files available for distribution, either through use of the search function of a P2P network or from a review of the logs from the server of a P2P network, Guardaley downloaded and retained both the torrent files that were being offered for distribution and other specific information in order to confirm that infringement was occurring and to identify the infringer by the unique Internet Protocol ("IP") address assigned to that Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity.  (See Decl. of Patrick Achache at ¶¶ 13-14.)   In addition, the downloaded audiovisual torrent files were reviewed by Guardaley in order to confirm that the files were in fact copies of substantial portions of the motion picture to which Plaintiff holds the exclusive licensing and distribution rights.  (See Decl. of Patrick Achache  ¶¶ 15-17.)

### The Need For Expedited Discovery

11. Obtaining the identity of copyright infringers on an expedited basis is critical to prosecution of this action and stopping the continued infringement of this copyrighted motion picture. Without expedited discovery in the instant case, Plaintiff has no way of serving Defendants with the complaint and summons in this case.  Plaintiff does not have Defendants' names, addresses, e-mail addresses, or any other way to identify or locate Defendants, other than the unique IP address assigned to each Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity.

12. Further, Internet service providers have different policies pertaining to the length of time they preserve "logs" which identify their subscribers.  Despite requests to preserve the information, some ISPs keep log files of their subscribers' activities for only limited periods of time -- sometimes as little as weeks or even days -- before erasing the data they contain.  If an

ISP does not have to respond expeditiously to a discovery request, the identification information in that ISP's logs may be erased.

    13. The motion picture entitled *"Far Cry"* for which Plaintiff holds the exclusive licensing and distribution rights continues to be made available for unlawful transfer and distribution using BitTorrent protocol, in violation of Plaintiff's rights.  USCG and Guardaley continue to monitor, on an on-going and continuing basis, such unlawful distribution and transfer of Plaintiff's motion picture and to identify infringers by the unique Internet Protocol ("IP") address assigned to them by their respective ISPs on the date and at the time of the infringing activity. (See Decl. of Patrick Achache ¶¶ 15-17.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___31.12___, _03_, at __Karlsruhe__.

_____
Benjamin Perino