**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO ) <br> BETEILIGUNGS GMBH & CO KG ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1 – 4,577 ) <br> ) <br>     Defendants. ) <br> _____) | CA. No. 1:10-cv-00453-RMC <br><br> **Next Deadline:** N/A |

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA FILED BY ANONYMOUS JOHN DOE DEFENDANT [DOC. NO. 15] (IP # 72.95.158.191)**

I. INTRODUCTION

    Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference was granted by this court on March 23, 2010. Pursuant to that order, Plaintiff served various non-party Internet Service Providers ("ISPs") with subpoenas to identify the Doe Defendants.

    To briefly summarize Plaintiff's motion for discovery, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Far Cry"* (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

    In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Pursuant to the

1

subpoenas, and according to correspondence from the ISPs to their subscribers, production of documents was commanded on May 14, 2010. Accordingly, any motion to quash this production was required to be filed before that date to be proper.

On May 14, 2010 an anonymous Doe Defendant, simply identifying himself as IP # 72.95.158.191, filed a purported motion to quash the subpoena served on Verizon. [Document Number 15] Because the purported motion to quash was not timely filed, does not comply with the court rules for such filings, and does not provide good cause for quashing the subpoena, Plaintiff requests that the motion be denied in its entirety.

II. ARGUMENT

A. DEFENDANT'S MOTION TO QUASH IS PROCEDURALLY DEFECTIVE.

First, Defendant's purported motion to quash was untimely. In general, a motion to quash must be made within the time set in the subpoena for compliance. See Advanced Portfolio Technologies, Inc. v. Stroyny, 2006 WL 3761330 (D.C.Wis. 2006) (slip op.); U.S. v. International Bus. Machs. Corp., 70 F.R.D. 700 (D.C.N.Y. 1976) (holding that motions for protective orders involving the subpoena of a document from a nonparty in a government antitrust action were untimely when filed after the return date for subpoena). Here, Defendant's purported motion to quash was not filed until the date called for production.[1]

Additionally, Defendant did not properly identify himself on the purported motion to quash. "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. ... If the party is appearing *pro se*, the caption shall also include the party's telephone number." LCvR 5.1(e)(1). Here, nowhere in the purported motion to

---

[1] Defendant's purported motion to quash states a date of May 4, 2010, but it is unclear when the motion was sent to the court.

quash is there a printed name, address, or telephone number, although Plaintiff was able to determine an address for this Doe Defendant.[2]

Lastly, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Here, the moving Defendant has not included such a certification or even attempted to meet and confer with counsel for Plaintiff.

### B. DEFENDANT HAS NOT JUSTIFIED QUASHING THE SUBPOENA.

The purported motion to quash gives absolutely no reason why the subpoena should be quashed. The purported motion simply states, "NOTICE IS GIVEN that defendant IP # 72.95.158.191 wishes to make this motion to quash the request for documents, information or objects in this civil action case therefore dismissing this action." [Doc. No. 15] Because this Doe Defendant have given absolutely no reason to quash the subpoena, and because no good cause exists to quash the subpoena, the purported motion should be denied in its entirety.

1. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANT DID INFRINGE PLAINTIFF'S COPYRIGHTS.

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3)

---

[2] Within the documents filed by this Doe Defendant, included is the notification letter from Verizon that lists the Doe Defendant's name and address.

provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.Cir. 1965) (denying a motion to quash supported by two affidavits); United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C.Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024, 228 USPQ 926, 931 (Fed.Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a defendant's defenses are not at issue.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D.Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

Here, the court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Doc. No. 3], Plaintiff identified the unique IP address for each Defendant, along

4

with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley. This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache. However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further. Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie on a specific date and time. Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. *See* Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 3]) ¶ 4. Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's Movie for unlawful transfer or distribution. *See id.* at ¶ 8. In fact, Guardaley actually downloaded Plaintiff's Movie from the IP address assigned to these Defendants, just as it does with all Doe Defendants. *See id.* at ¶ 9. Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's Movie by watching both and comparing them. *Id.* at ¶¶ 16-17.

Here, Plaintiff has already demonstrated good cause for the subpoena in that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by

issuing subpoenas to the ISPs. In contrast, this Doe Defendant has not shown any annoyance, embarrassment, oppression, or any undue burden or hardship he would incur if the information is divulged to Plaintiff. Additionally, this Doe Defendant has not claimed that the subpoena is unreasonable or oppressive, because he cannot. Lastly, this Doe Defendant has not shown why quashing the subpoena is necessary when other, more limited methods are available to address any concerns.[3]

### 2. DEFENDANT HAS NOT SHOWN THAT THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

Assuming this Doe Defendant does not want his information divulged to Plaintiff because of privacy concerns, he has not provided any legal justification for why the information sought by the subpoena is privileged or confidential. Defendant has not shown anything that would contradict the law and authority provided in Plaintiff's Motion for Leave to Take Discovery, stating that the Defendants in this case have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing the copyrighted Movie without permission.[4]

---

[3] In a case almost identical to this case, this court denied a motion to quash by a doe defendant wherein the court held that the subpoena complied with the Federal Rules of Civil Procedure whether under a good cause standard or prima facie showing of copyright infringement. Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.).

[4] As further detailed in Plaintiff's Motion [Doc No. 3], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001)

In fact, this Doe Defendant's motion actually divulges the very information sought by Plaintiff through the subpoena – his name and address as an alleged infringer – thereby undermining any argument that this information is privileged. Had this Doe Defendant truly deemed this information to be privileged, he could have provided it to the court and requested it be sealed, and he would have redacted the information from the documents filed in the public record in this case. However, this Doe Defendant did not do that and basically has mooted his own motion to quash.

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this lawsuit. As stated in the order, "any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting the Plaintiff's rights as set forth in its Complaint…." [Doc. No. 6 at p. 2]. Therefore, this Doe Defendant is protected from any improper disclosure or use of his information.

III. CONCLUSION

Overall, this Doe Defendant has not demonstrated any reason to quash the subpoena. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case

---

("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

     On the other hand, Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially when considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.  Therefore, the court should deny Doe Defendant IP # 72.95.158.191's purported motion to quash and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

                                                Respectfully Submitted,

                                                ACHTE/NEUNTE BOLL KINO BETEILIGUNGS
                                                GMBH & CO KG

**DATED**:  May 19, 2010

                              By:    /s/ Nick Kurtz
                                       Thomas M. Dunlap (D.C. Bar # 471319)
                                       Nicholas A. Kurtz (D.C. Bar # 980091)
                                       DUNLAP, GRUBB & WEAVER, PLLC
                                       1200 G Street, NW Suite 800
                                       Washington, DC 20005
                                       Telephone: 202-316-8558
                                       Facsimile: 202-318-0242
                                       tdunlap@dglegal.com
                                       nkurtz@dglegal.com
                                       *Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 19, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS (DOC. NOS. 14, 15, and 16) TO QUASH SUBPOENA was sent via first-class mail to the following:

> Randy Ansell
> 8 Longview Dr.
> Avella, PA 15312

                                             /s/ Nick Kurtz
                                             Nicholas A. Kurtz