## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ACHTE/NEUNTE BOLL KINO
BETEILIGUNGS GMBH & CO KG

     *Plaintiff*,

v.

DOES 1 – 4,577

     *Defendants.*

No. 1:10-cv-00453-RMC

**FURTHER STIPULATION BETWEEN PLAINTIFF AND THIRD-PARTY
COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC GOVERNING
RESPONSES TO RULE 45 SUBPOENA AND THE COURT'S MARCH 23, 2010 ORDER**

WHEREAS, Plaintiff Achte/Neunte Boll Kino Beteiligungs GMBH & Co KG

("Plaintiff") served non-party Comcast Cable Communications Management, LLC ("Comcast")

with a Rule 45 subpoena duces tecum ("Subpoena") on April 12, 2010 seeking identifying

information on approximately 1,400 Comcast Internet service subscribers (who are a subset of

the 4,577 Doe Defendants in this action) and who allegedly infringed Plaintiff's copyright by

downloading the movie "Far Cry;"[1] and

WHEREAS, counsel for Plaintiff, Dunlap, Grubb and Weaver (DGW), and Comcast

have had discussions concerning an appropriate timeframe for responding to the Subpoena,

notifying subscribers, and allowing those subscribers an opportunity to contest or otherwise

challenge the disclosure of their identities, as well as providing for reimbursement of certain

---

[1]  The exhibit attached to the initial Complaint in this action identified approximately 600
Internet protocol ("IP") addresses associated with Comcast.  The Amended Complaint, filed May
12, 2010, lists 1,399 Comcast IP addresses for resolution.

costs to be incurred by Comcast in responding to the Subpoena and any further subpoena duces tecum that may be submitted in this matter;

WHEREAS counsel for Plaintiff and Comcast have been diligently working to amicably resolve their dispute with regard to responding to the Subpoena, and previously agreed to and obtained additional time up to and including May 19, 2010, within which to resolve their discovery related issues without judicial intervention;

WHEREAS, the counsel for Plaintiff and Comcast have tentatively reached an agreement ("Agreement") specifying a timeframe for responding to the Subpoena, including: (i) the process for resolving which subscribers used the IP addresses listed in the subpoena on the specific date and time listed, with a specific number to be resolved each business day and each month until all IP addresses listed in the Subpoena or any additional subpoenas duces tecum have been resolved; (ii) allowing Comcast seven (7) days from resolving any IP address for sending notice to the subscriber so resolved; (iii) allowing such subscribers thirty (30) days from such notice to have the opportunity to contest or otherwise challenge the disclosure of their identities; (iv) for reimbursement of certain costs to be incurred by Comcast in responding to the Subpoena and any further subpoena duces tecum that may be submitted in this matter, and (v) that any breach of the Agreement by either party may be brought to the attention of the Court for appropriate relief in the form of quashing any subpoena or further modifying the March 23, 2010 Order; and

WHEREAS, as a result, counsel for Plaintiff and Comcast have agreed that the deadlines and limitations on Comcast that are part of the March 23, 2010 Order should hereby be modified by their Agreement so as to allow for responses, notices and reimbursement to extend until all IP

addresses have been resolved, with subscribers' challenges to their identification being required to be made within 30 days after that subscriber has been identified and sent notice; and

WHEREAS, if no final Agreement between counsel for Plaintiff and Comcast is reached, Comcast may file a motion to quash, modify the March 23, 2010 Order or for a protective order within 5 days of the date of this stipulation; and

THEREFORE, in light of the foregoing, the parties have stipulated to an extension and modification of the Court's March 23, 2010 Order and now respectfully request that the Court extend the filing deadline for Comcast to seek any modification of the March 23, 2010 Order to May 24, 2010 and for any subscriber notified to file a motion to quash or other objection within 30 days of receiving notice that he or she has been identified, and absent such a motion or challenge, such identity will thereafter be provided promptly to counsel for Plaintiff at Plaintiff's expense.

Dated: May 19, 2010                    Respectfully submitted,


DUNLAP, GRUBB & WEAVER PLLC        DAVIS WRIGHT TREMAINE LLP

By /s/_____      By /s/_____
Thomas M. Dunlap (D.C. Bar No. 471319)   John D. Seiver (D.C. Bar No. 296418)
Nicholas A. Kurtz (D.C. Bar No. 980091)  Leslie G. Moylan (D.C. Bar No. 985716)
1200 G Street, NW Suite 800              1919 Pennsylvania Ave., NW, Suite 800
Washington, DC 20005                     Washington, DC 20006
Telephone:  202.316.8558                 Telephone: 202.973.4212
Facsimile:  202.318.0242                 Fax: 202.973.4412
Email: tdunlap@dglegal.com               Email: johnseiver@dwt.com
      nkurtz@dglegal.com                       lesliemoylan@dwt.com

*Attorneys for Plaintiff Achte/Neunte Boll*    *Attorneys for Non-Party Comcast Cable*
*Kino Beteiligungs GMBH & CO KG*               *Communications Management, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ACHTE/NEUNTE BOLL KINO | ) | |
| BETEILIGUNGS GMBH & CO KG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-00453-RMC |
| | ) | |
| DOES 1 – 2,094 | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Stipulation between Non-Party Comcast Cable Communications

Management, LLC ("Comcast") and Plaintiff recounting a tentative agreement to modify the

Court's March 23, 2010 Order and extend the deadline for responding to the Rule 45 Subpoena

duces tecum served on Comcast and for any affected subscriber to appear and contest the

disclosure of his or her identity to Plaintiff.   Upon review of the Stipulation and the entire record

it is ORDERED that the Stipulation is adopted and the relief agreed to therein GRANTED and

the deadline for Non-Party Comcast to respond to the Rule 45 subpoena served on April 12,

2010 and for any affected subscriber to file a motion to quash is hereby extended,to 30 days after

that subscriber has been identified and sent notice, unless no final Agreement between Plaintiff

and Non-Party Comcast is reached in which event Non-Party Comcast may file a motion to

quash, modify the March 23, 2010 Order, or for a protective order within 5 days.


Date:_____          _____
                                    Rosemary M. Collyer
                                    United States District Judge

1