**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG** )<br>)<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**DOES 1 – 4,577** )<br>)<br>    **Defendants.** )<br>_____ ) | CA. No. 1:10-cv-00453-RMC<br><br>**Next Deadline: N/A** |

**PLAINTIFF'S OPPOSITION TO DOC. NO. 35**

I. INTRODUCTION

    Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference was granted by this court on March 23, 2010. Pursuant to that order, Plaintiff served various non-party Internet Service Providers ("ISPs") with subpoenas to identify the Doe Defendants.

    To briefly summarize Plaintiff's motion for discovery, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Far Cry"* (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

    In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. On or about May 18, 2010, counsel for one of the Doe Defendants (Hunter S. Freeman of the McNair Law

1

Firm) sent a letter to the court as a purported motion to quash the subpoena served on Charter Communications, Inc. [Doc. No. 35, pp. 1-2]  Additionally, on or about May 18, 2010, an anonymous Doe Defendant sent a letter to the court as a purported motion to quash the subpoena served on Charter. [Doc. No. 35, pp. 3-5][1]  Despite the fact that these correspondences are joined as Doc. No. 35 and were sent to the court on the same day for the same ISP subpoena, they are two separate and distinct "motions."[2]  While each "motion" presents a different argument for quashing the subpoena, neither of the purported motions provides good cause for quashing the subpoena.  Plaintiff will address both purported motions in this opposition and accordingly requests that the motions be denied in their entirety.

II. ARGUMENT

    A.  STANDARDS ON MOTIONS TO QUASH

Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

---

[1] Please note that while Doc. No. 35 states that it was filed on July 2, 2010, this document was not entered into the court's ECF system until July 12, 2010 with a Docket Text of "MOTION to Quash Subpoena by JOHN DOE Defendant."  Accordingly, Plaintiff's counsel was not made aware that the documents had actually been filed until July 12, 2010.  In fact, Plaintiff's counsel was never served with pages 3-5 of Doc. No. 35 and only first received this correspondence when it appeared on the court's ECF system on July 12, 2010.

[2] Plaintiff's counsel has confirmed with Mr. Freeman at the McNair Law Firm that pages 3-5 of Doc. No. 35 have nothing to do with his client.

"Ordinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information."  Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing E.E.O.C. v. Danka Indus., Inc., 990 F. Supp. 1138, 1141 (E.D.Mo.1997)); Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005) (Facciola, J.) ("A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." [citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)]).

However, that standing to object should limited to only challenging the subpoena on the grounds that it requires disclosure of information "privileged at common law or by statute or rule" and not any other grounds.  See Windsor v. Martindale, 175 F.R.D. 665, 668 (D.Colo.1997).  "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." Id. (citation omitted); see also Johnson v. Gmeinder, 191 F.R.D. 638, 639 n. 2 (D.Kan.2000); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D.Pa.2001); Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007) (Facciola, J.) (stating that "[t]o make a legitimate claim of privilege the Defendants would have had to show some reason to believe that the subpoena threatened the disclosure of information that was protected by a privilege that *these* Defendants could claim") (emphasis added); Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8, 9-10 (D.D.C. 2009) (Facciola, J.) (holding that District of Columbia Department of Corrections had no right to claim work product or attorney-client privilege with regard to United States Attorney's Office's files relating to former corrections officer's criminal prosecution for

3

assaulting inmate, and thus did not have standing to object to subpoena served on USAO by officer seeking files in connection with officer's civil rights action against Department).

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C.Cir. 1984). The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed.Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a defendant's defenses are not at issue. See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D.Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT THE DOE DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHTS.

The court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss. As more fully set

out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Doc. No. 3], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley. This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further.  Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems.  *See* Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 3]) ¶ 4. Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's Movie for unlawful transfer or distribution.  *See id.* at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's Movie from the IP address assigned to these Defendants, just as it does with all Doe Defendants.  *See id.* at ¶ 9.  Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's Movie by watching both and comparing them.  *Id.* at ¶¶ 16-17.

5

Therefore, Plaintiff has already demonstrated good cause for the subpoena in that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by issuing subpoenas to the ISPs.[3]

### C.  THE PURPORTED MOTIONS DO NOT JUSTIFY QUASHING THE SUBPOENA

1. <u>The McNair Law Firm does not have standing to object to the subpoena on the grounds stated.</u>

As to the first purported motion to quash, the McNair Law Firm argues on behalf of their Doe Defendant client that the subpoena to Charter should be quashed because it fails to comply with Rule 45(a)(2)(C) in that it requires production of documents or information located in a different district.  However, as the McNair Law Firm alludes to in its letter to the court, the entity with standing to object on such grounds – Charter – has not done so.  Neither the McNair Law Firm nor their client has standing to object to the form of the subpoena, only whether it requires production of documents or information for which the McNair Law Firm's client has a privileged interest.

Having the person or entity that actually received the subpoena and has to comply with it be the one to object to the subpoena's form is important because only the subpoenaed entity knows where the responsive documents are, the burden in responding to the subpoena, etc.  For example, here, the McNair Law Firm has stated in conclusory fashion, with absolutely no

---

[3] In a case almost identical to this case, this court denied a motion to quash by a doe defendant wherein the court held that the subpoena complied with the Federal Rules of Civil Procedure whether under a good cause standard or prima facie showing of copyright infringement.  <u>Arista Records LLC v. Does 1-19</u>, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.).

support, that the subpoena requires production of information located outside of this district. The McNair Law Firm apparently based this position on the fact that Charter's headquarters is located outside of this jurisdiction. However, the McNair Law Firm cannot definitively attest to where the responsive documents or information are within Charter's company, which has operations and offices throughout the nation.

Additionally, the McNair Law Firm has not shown any annoyance, embarrassment, oppression, or any undue burden or hardship their client would incur if Charter was to comply with the subpoena and produce the information to Plaintiff. Additionally, the McNair Law Firm has not claimed that the subpoena is unreasonable or oppressive, because they cannot. Lastly, the McNair Law Firm has not shown why quashing the subpoena is necessary when other, more limited methods are available to address any concerns.

Overall, the McNair Law Firm's argument for quashing the subpoena to Charter is misplaced. Neither the McNair Law Firm nor their client are under any obligation to do anything in responding to the subpoena and thus neither of them are harmed in any way should the responsive documents or information actually be located outside of this district. Therefore, the court should deny this purported motion to quash in its entirety.

      2. <u>The anonymous Doe Defendant has not justified quashing the subpoena based on privacy concerns.</u>

As to the second purported motion to quash, it appears that the only reason the anonymous Doe Defendant gives for why the subpoena should be quashed is privacy concerns for disclosing his or her information to the Plaintiff. However, this anonymous Doe Defendant's argument fails to consider that there is no right to privacy of his/her identifying information and

that the court's order granting Plaintiff discovery specifically provides that any personal Doe Defendant information obtained by Plaintiff will be used solely for this litigation.[4]

First, the anonymous Doe Defendant has not provided any legal justification for why the information sought by the subpoena is privileged or confidential.  The anonymous Doe Defendant has not shown anything that would contradict the law and authority provided in Plaintiff's Motion for Leave to Take Discovery, stating that the Defendants in this case have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing the copyrighted Movie without permission.

As further detailed in Plaintiff's motion for discovery [Doc No. 3], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment.  See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without

---

[4] Plaintiff notes that the anonymous Doe Defendant's purported motion to quash is also procedurally defective in that this Doe Defendant did not provide any information except an email address by which the court could contact him or her.  See LCvR 5.1(e)(1) (requiring an address and phone number for parties, including *pro se* litigants).  This Doe Defendant could have provided this information to the court with a request that it be sealed, but this was not done.

permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this lawsuit. As stated in the order, "any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting the Plaintiff's rights as set forth in its Complaint…." [Doc. No. 6 at p. 2]. Therefore, this anonymous Doe Defendant is protected from any improper disclosure or use of his or her information.[5]

III. CONCLUSION

Overall, the purported motions to quash have not demonstrated any reason to quash the subpoena. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially when considering that these ISPs typically retain user

---

[5] It should make no difference that Plaintiff is a German entity or that this anonymous Doe Defendant does not know much about Plaintiff, as the anonymous Doe Defendant argues.

activity logs containing the information sought for only a limited period of time before erasing the data. Therefore, the court should deny the purported motions to quash and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

          Respectfully Submitted,

          ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG

**DATED**: July 19, 2010

By: /s/ Nick Kurtz
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 19, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DOC. NO. 35 was sent via first-class mail as follows:

        Hunter S. Freeman
        McNair Law Firm, P.A.
        Post Office Box 447
        Greenville, SC 29802

    I hereby certify that on July 19, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DOC. NO. 35 was sent via electronic mail as follows:

        Anonymous Doe Defendant via cycypher2000@yahoo.com

        /s/ Nick Kurtz
        Nicholas A. Kurtz