UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG, ) ) ) ) Plaintiff, ) ) v. ) ) DOES 1 - 4,577, ) ) ) Defendants. ) ) | Civil Action No. 10-453 (RMC) |

**ORDER**

Randy Ansell and William Wright filed motions to quash in this matter. *See* Ansell's Mot. to Quash [Dkt. # 15]; Wright's Mot. to Quash [Dkt. # 20]. These defendants appear to live outside of Washington, D.C. Mr. Ansell lists an address in Pennsylvania, and Mr. Wright lists one in Oregon. Because they live elsewhere, it is questionable whether Mssrs. Ansell and Wright have had sufficient contact with the District of Columbia to warrant this Court's exercise of personal jurisdiction over them.[1] Accordingly, it is hereby

**ORDERED** that Plaintiff shall **SHOW CAUSE**, no later than September 30, 2010, why this case should not be dismissed against Mr. Ansell and Mr. Wright for lack of personal

---

[1] The Due Process Clause of the Fifth Amendment requires a plaintiff to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002). These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1988).

jurisdiction.


Date: September 10, 2010                            /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge