## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ACHTE/NEUNTE BOLL KINO** | ) | |
| **BETEILIGUNGS GMBH & CO KG** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. No. 1:10-cv-00453-RMC** |
| | ) | |
| **DOES 1 – 4,577** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. RELEVANT HISTORY ........................................................................................................2

III. ARGUMENT ......................................................................................................................4

    A. DISMISSING THE DOE DEFENDANTS BASED ON PERSONAL

        JURISDICTION WOULD BE PREMATURE BEFORE PLAINTIFF ACTUALLY

        NAMES ANY PARTICULAR DOE DEFENDANT TO THE CASE ........................4

    B. DISMISSING THE DOE DEFENDANTS BASED ON PERSONAL JURISDICTION

        WOULD BE PREMATURE BEFORE PLAINTIFF RECEIVES THE

        INFORMATION FROM THE ISPS RESPONSIVE TO THE SUBPOENAS.............9

    C. THE SUBMITTED DECLARATIONS DO NOT JUSTIFY DISMISSING THE DOE

        DEFENDANTS BASED ON PERSONAL JURISDICTION AT THIS TIME..........11

    D. THE ARGUMENTS THAT PLAINTIFF KNOWS THE JURISDICTION OF EACH

        DOE DEFENDANT BEFORE RECEIVING THE INFORMATION FROM THE

        ISPS IS UNSUBSTANTIATED..................................................................................12

    E. THE ARGUMENTS RELATED TO MISJOINDER ARE STILL PREMATURE

        AND, REGARDLESS, NEVER JUSTIFY DISMISSAL…………………………...14

IV. CONCLUSION....................................................................................................................15

<u>TABLE OF AUTHORITIES</u>

**Cases**

<u>A.I. Trade Finance, Inc. v. Petra Bank</u>, 989 F.2d 76 (2d Cir.1993)……………………………...11

<u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060 (N.D.N.Y 2009)………………………….9

<u>Caroline Records, Inc., et al. v. Does 1-175</u>, Case No. 04 2028 (D.D.C.) (Lamberth, R.)………15

<u>Jazini v. Nissan Motor Co.</u>, 148 F.3d 181 (2d Cir.1998)………………………………………...11

<u>Lions Gate Films, Inc., et al. v. Does 1-5</u>, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.)…….15

<u>London-Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d 153 (D. Mass. 2008)………………………9

<u>Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10</u>, Case No. 04-2005 (JR) (D.D.C.)
(Robertson, J.)…………………………………………………………………………………15

<u>PDK Labs, Inc. v. Friedlander</u>, 103 F.3d 1105 (2d Cir. 1997)…………………………………..11

<u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d 556 (S.D.N.Y. 2004)……………..9,13,15

<u>Twentieth Century Fox Film Corp., et al. v. Does 1-9</u>, Case No. 04-2006 (EGS) (D.D.C.)
(Sullivan, E.)…………………………………………………………………………………..15

<u>UMG Recordings, et al. v. Does 1-199</u>, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.).15

<u>Warner Bros. Records, Inc. v. Does 1-6</u>, 527 F.Supp.2d 1 (D.D.C. 2007)………………………15

<u>Webster Industries, Inc. v. Northwood Doors, Inc.</u>, 234 F.Supp.2d 981 (N.D. Iowa 2002)……...7

<u>Zwebner v. John Does Anonymous Foundation, Inc.</u>, 2001 WL 210173 (D.Or. 2001)…...........6,7

**Statutes**

Fed. R. Civ. P. 4(a)(1)(A)……………………………………………………………5

Fed. R. Civ. P. 4(a)(1)(B)……………………………………………………………5

Fed. R. Civ. P. 4(a)(1)(D)…………………………………………………………...5

Fed. R. Civ. P. 5…………………………………………………………………...5

Fed. R. Civ. P. 5(b)(2)…………………………………………………………….5

Fed. R. Civ. P. 7.1(d)……………………………………………………………3

Fed. R. Civ. P. 12(b)……………………………………………………………5,6

Fed. R. Civ. P. 12(b)(2)………………………………………………..5,11

Fed. R. Civ. P. 17……………………………………………………………5

Fed. R. Civ. P. 21……………………………………………………………15

Fed. R. Civ. P. 41(a)(1)(A)(i) ……………………………………………8

LCvR 7(b)………………………………………………………………3

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff, the owner of the copyright of the motion picture "Far Cry," filed this case for copyright infringement against various individuals who allegedly illegally downloaded and distributed the movie over the Internet.  When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringements.  In order to discover the actual names of the Doe Defendants, Plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses, and the ISPs gave notice to their customers of the subpoena.  Several of the individuals who received such notices have moved to quash the subpoena and dismiss the case based on lack of personal jurisdiction and misjoinder.[1]

While the Court has already denied the motions to quash and has required that any anonymous Doe Defendant disclose his or her identifying information to the Court, the motions to dismiss are still pending.  However, as shown in more detail herein, these motions are still premature and improper at this stage of the proceedings.  Plaintiff has still not named any of these individuals as Defendants.  Further, Plaintiff has not yet received the identifying information from the ISPs.  Notwithstanding that the moving Doe Defendants have already revealed or will reveal their identifying information, Plaintiff needs the information responsive to the subpoenas in order to adequately identify each Doe Defendant.  Additionally, the arguments based on misjoinder are as improper now as when the Court previously decided the issue.  Lastly, the Court has already set a deadline for Plaintiff to name and serve the Defendants in this

---

[1]  Aside from an omnibus motion filed on behalf of numerous Doe Defendants, the "motions" filed have either been letter motions or form motions purchased by the Doe Defendants from the Affinity Law Firm in Jacksonville, Florida.

1

case, so there is no reason to begin dismissing Defendants in a piecemeal nature at this time.

Therefore, Plaintiff respectfully requests that the Court deny the motions to dismiss and any

outstanding or future motions of similar nature before Plaintiff names any particular Defendant.


II. RELEVANT HISTORY

Plaintiff filed its complaint against 2,094 Doe Defendants on March 18, 2010.  [Doc. No.

1][2]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference,

which was granted by this Court on March 23, 2010.  [See Doc. Nos. 3, 6]  Pursuant to that

order, Plaintiff served the various ISPs with subpoenas to identify the Doe Defendants, and those

ISPs sent notice of the subpoena to the Doe Defendants.  Following the notice, but before

production of Doe Defendants' information to Plaintiff, various Doe Defendants filed motions

labeled variously as motions to quash, motions for protective orders, and motions to dismiss for

lack of personal jurisdiction and misjoinder.

On September 10, 2010, September 16, 2010, September 22, 2010, and September 24,

2010, the Court denied the motions to quash and motions for protective orders.  [See Doc. Nos.

44, 45, and Minute Orders]  The only motions remaining, that Plaintiff is aware of, are Doc. Nos.

48, 51, 54, 57, 60, 63, 66, 82, 85, 89, 96, 99, 102, 105, 107  and the motion to dismiss aspect of

the omnibus motion filed on behalf of several Doe Defendants [Doc No 77].[3]  Lastly, on July 22,

---

[2]  On May 12, 2010, Plaintiff filed its first amended complaint against 4,577 Doe Defendants.
[Doc. No. 12]

[3]  The omnibus motion is entitled "to quash subpoena pursuant to Fed. R. Civ. P. 45(C)(3) and to
dismiss pursuant to Fed. R. Civ. P. 12(B)(2)."  [Doc. No. 77]  The Court's September 16, 2010
Minute Order specifically required Plaintiff to file a response to the "motions to dismiss in
accordance with Local Rules."  As the omnibus motion was served by mail on September 10,
2010, Plaintiff's opposition is timely.  See LCvR 7(b) (prescribing oppositions to be filed within
11 days of service of the motion); Fed. R. Civ. P. 7.1(d) (providing for the addition of three days
if service is by mail).  Additionally, the first motion to dismiss filed by a Doe Defendant [Doc.

2010, the Court issued a Minute Order granting Plaintiff's Motion for Extension of Time to Name and Serve Defendants and order that Plaintiff shall name and serve all defendants no later than November 18, 2010.

---

No. 48] states August 30, 2010 as the date of signing, Plaintiff did not receive this document until it was posted on Pacer by the Court on September 13, 2010, as it was never served on Plaintiff (and accordingly has not certificate of service).  Therefore, Plaintiff's opposition is timely as to that motion as well.

III. ARGUMENT

A.  DISMISSING THE DOE DEFENDANTS BASED ON PERSONAL
    JURISDICTION WOULD BE PREMATURE BEFORE PLAINTIFF ACTUALLY
    NAMES ANY PARTICULAR DOE DEFENDANT TO THE CASE.

It must be noted that the moving Doe Defendants have not cited a single legal basis or authority where a motion to dismiss a Doe defendant was granted before the plaintiff actually specifically named that Doe defendant.  While the omnibus motion attempts to discredit Plaintiff's allegations and primarily relies on the assumption that the geographical location techniques are conclusive, which they have proven not to be, it does so without regard to the timing of its motion.  In the end, the omnibus motion does not provide a single authority applicable to the stage of this case – when Plaintiff is still proceeding against Doe Defendants.

The form motions to dismiss state that once Plaintiff obtains the identifying information from the ISPs, then "the case will immediately be amended, and the undersigned will be added as a party to the case, and immediately the court will lack jurisdiction."  [See e.g. Doc. No. 48 at p. 2, ¶ 4]  However, the form does not provide any authority requiring Plaintiff to name a Doe Defendant to this case once Plaintiff obtains the identifying information from the ISP.  Even if Plaintiff obtains identifying information from an ISP linking a particular Doe Defendant to an alleged infringement, it is still within Plaintiff's discretion to name or not name that person as a Defendant.

Further, this circular argument highlights the timing problems with the motions to dismiss.  The motions assume that Plaintiff will name the Doe Defendants to the case once Plaintiff receives the identifying information from the ISPs despite Plaintiff knowing, *at that*

*time*, that the Court does not have personal jurisdiction over a particular Doe Defendant. However, the Court should not dismiss any Doe Defendant at this time based on the Doe Defendants' assumptions of what Plaintiff will do.

The plain language of the Federal Rules of Civil Procedure contemplates that a defendant can only respond to the complaint when that defendant has been named as a party and after a summons has been issued and served on a defendant (or service is waived by the defendant). For example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added).

Only then can the provisions of the Federal Rules of Civil Procedure, such as when a defendant must file a responsive pleading or motion, take effect. Therein, one of the things the summons must do is advise the defendant of the obligation to "appear and defend" and state the time the defendant has for doing so, whether after being served with the summons or by waiving service. See Fed. R. Civ. P. 4(a)(1)(D). The timeframe in which a defendant has to "appear and defend" therefore does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[4]

Accordingly, moving Doe Defendants' motions to dismiss should be denied because there is no authority that they were even permitted to file them. As stated in Fed. R. Civ. P. 12(b):

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading *if one is required*. But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction…A motion asserting any

---

[4] While the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case. For example, Fed. R. Civ. P. 17 states that an "action must be prosecuted in the name of the real party in interest," and Fed. R. Civ. P. 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known (See Fed. R. Civ. P. 5(b)(2)).

of these defenses must be made before pleading *if a responsive pleading is allowed*. … If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b) (emphasis added).

The language clearly contemplates that a motion to dismiss for lack of personal jurisdiction is only appropriate if a responsive pleading is required or allowed.  A responsive pleading is not yet required of the anonymous Doe Defendants because their deadline to appear and defend has not even started.  They are not yet named parties to the case, and no summons has been issued with their names or directed at them.  [See Docket Entry of 3/18/10 ("SUMMONS Not Issued….")]

The only case Plaintiff's counsel could find similar to this topic is inapplicable and easily distinguishable.  In Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001), the court allowed an unnamed and unserved doe defendant to file an answer.  Id. at *3 (as the judge noted, "[n]either the parties, nor I, have found any cases on the issue faced here").  However, there the plaintiff alleged a specific alias name for the doe defendant, and the doe defendant's answer admitted using the alias name as described in the Complaint.  See id. Accordingly, it was established that the person who filed the answer was definitively the doe defendant because that defendant admitted committing the alleged acts.

That is not the case here.  The moving Doe Defendants have not admitted to engaging in the activities alleged by Plaintiff, and they have not even admitted to owning the IP addresses associated with the infringing activity.  Rather, the moving Doe Defendants generally assert the exact opposite – that they did not engage in any infringing activity.

In fact, the court in <u>Zwebner</u> recognized this distinction when it noted that a Massachusetts court declined to allow the unnamed defendant to file a motion to dismiss based on lack of personal jurisdiction in a companion case:

> Plaintiff suggests that in a similar case filed by plaintiff in Massachusetts and currently pending there, the court rejected French's attempt to appear in the case. The pleadings in that case show that plaintiff named as defendants Robert Villasenor and John Does 1-100. In the Complaint, plaintiff alleges that John Doe 1 used the alias "InternetZorro" when communicating over the Internet. Plaintiff also alleges that Villasenor published statements about plaintiff on the JDAF website, which plaintiff contends is controlled by French. Plaintiff further alleges that French published "a series of innuendos" about plaintiff on the Internet and that InternetZorro published "numerous false and defamatory statements about Zwebner." [¶] French filed a motion to dismiss contending that the court lacked personal jurisdiction over him. The court declined to hear French's motion because French was not a party to the action. [¶] Thus, unlike in the present case, French did not appear and answer admitting he was InternetZorro, and the precise question at issue here was not addressed by the Massachusetts court.

2001 WL 210173 at fn. 2.

Although not as analogous to this case, and not dealing with anonymous defendants, <u>Webster Industries, Inc. v. Northwood Doors, Inc.</u>, 234 F.Supp.2d 981 (N.D. Iowa 2002) provides another example of a court refusing to entertain a motion to dismiss based on lack of personal jurisdiction because it was premature.  There, a named defendant, China Hardwood Imports, attempted to make a "special appearance" to contest service of process and jurisdiction based on attempted service and a letter from plaintiff entitled "Notice of Intent to File Written Application for Default."  <u>See id.</u> at 987-988.  The court noted that there was not yet any attempt by the plaintiffs to actually invoke the court's personal jurisdiction over China Hardwood Imports, as the plaintiff had not yet filed any application for default, so the court did not even entertain the merits of that defendant's motion to dismiss for lack of personal jurisdiction.  <u>See id</u> at 988.

Similarly here, Plaintiff has not attempted to invoke the Court's personal jurisdiction over any particular Doe Defendant.  Plaintiff has not named any Defendant or sought any action by the Court over any particular Doe Defendant.  Rather, Plaintiff has only requested discovery from the third-party ISPs.

Overall, the moving Doe Defendants' authorities are completely inapplicable.  Every authority deals with a named defendant.  Therein, all of the motions to dismiss fail on the basic premise of timing.[5]  The Court should not dismiss any Doe Defendant until Plaintiff has actually named that person to the lawsuit.[6]

Additionally, the Court has already set a deadline for Plaintiff to name and serve all defendants in this case, which is in less than two months.  It would not prejudice any Doe Defendant to allow Plaintiff to complete its discovery within that time.  Further, it would not make practical sense to dismiss particular Doe Defendants on a piecemeal basis before that time.[7]

---

[5]  Not only would allowing the Doe Defendants to interject themselves by way of responsive pleadings or motions to dismiss impinge on Plaintiff's right and discretion to choose which Defendants to name, it would also impinge upon Plaintiff's ability to voluntarily dismiss the case before it actually names the Doe Defendants and serves them.  See Fed. R. Civ. P. 41(a)(1)(A)(i).

[6]  The goal of the Doe Defendants' "motions to dismiss" is quite obvious – they do not want their identifying information produced by the ISPs.  However, knowing that they have no grounds to prevail on a motion to quash the subpoenas, the moving Doe Defendants have simply re-titled their motions to quash under the auspice of a motion to dismiss.  No matter how they are titled, the motions seek a remedy that is simply inappropriate at this stage of the case.

[7]  The Court seemed to make it clear that arguments related to personal jurisdiction are premature until Plaintiff actually names any Defendants.  [See Doc. No. 36 at p. 5, fn. 2 in *West Bay One, Inc. v. Does 1-1,653*, Civil Action No. 1:10-cv-00481-RMC ("John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

B.  DISMISSING THE DOE DEFENDANTS BASED ON PERSONAL

JURISDICTION WOULD BE PREMATURE BEFORE PLAINTIFF RECEIVES

THE INFORMATION FROM THE ISPS RESPONSIVE TO THE SUBPOENAS.

The determination of the Court's jurisdiction over the Doe Defendants is premature at this time, when Plaintiff is still conducting discovery to ascertain the identities of the Defendants. In a similar case, Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature.[8]  The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants."  Id. at 567.  The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature."  Id.; see London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claim she was not a resident of the forum state was an insufficient basis to disallow discovery); see also Arista Records LLC v. Does 1-16, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

---

[8]  Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 567, fn. 8.

Here, dismissing any particular Doe Defendant based on personal jurisdiction would likewise be premature.  Plaintiff has not yet received the identifying information sought from the ISPs for all of these moving Doe Defendants.  Allowing Plaintiff to obtain the information from the ISPs is important for numerous reasons.

First, obtaining the information from the ISPs gives Plaintiff verification of the address associated with each Doe Defendant's ISP account.  As the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas.  Because Plaintiff would otherwise be entitled to discovery to challenge the moving Doe Defendants' declarations and because identifying discovery is already in progress, Plaintiff should at least be entitled to complete its discovery to independently verify the moving Doe Defendants' assertions.

Second, the information sought from the ISPs gives more information than simply the name and address of the Doe Defendants.  Most importantly, the information provided by the ISPs in response to the subpoenas gives the definitive connection between the IP address and the associated ISP customer.  Again, the ISPs are the only ones with this information, as most ISPs assign IP addresses dynamically and are the only ones with the logs to determine the customer associated with an IP address at a specific date and time in the past.

For some of the moving Doe Defendants, getting this information from the ISP is critical.  Not all of the moving Doe Defendants stated the IP address associated with their ISP account that Plaintiff has alleged to infringe Plaintiff's movie.  Because Plaintiff has not received this information from the ISP yet, Plaintiff has no way to connect such a Doe Defendant with any particular IP address.

10

For the anonymous moving Doe Defendants that did provide an IP address, Plaintiff still needs the production from the ISP.  Again, as the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas.

Further, as requested in the subpoenas, some ISPs are able to provide the Doe Defendant's modem's Media Access Control (MAC) number, which provides Plaintiff with further evidence to substantiate its case.  None of the moving Doe Defendants has provided this information.

C.  THE SUBMITTED DECLARATIONS DO NOT JUSTIFY DISMISSING THE DOE DEFENDANTS BASED ON PERSONAL JURISDICTION AT THIS TIME.

While the moving Doe Defendants' declarations generally state that the do not reside in the jurisdiction or do regular business here, even if these statements are true, they do not conclusively establish that the Court lacks personal jurisdiction over them.[9]  The Court could still have jurisdiction over these Doe Defendants because they could have specifically directed their alleged infringing activities to the District of Columbia by downloading or uploading Plaintiff's copyrighted work with another Doe Defendant based in the District of Columbia or because they committed the infringing activities while visiting the jurisdiction.

---

[9] To avoid dismissal for lack of personal jurisdiction under Rule 12(b)(2), when such motions are brought before discovery and decided without an evidentiary hearing, a plaintiff need only make a prima facie showing that personal jurisdiction exists.  PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79 (2d Cir.1993).  A plaintiff may rely entirely on factual allegations, Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir.1998) and will prevail even if defendants make contrary arguments, A.I Trade, 989 F.2d at 79.  In resolving such motions, the court will read the complaints and affidavits in a light most favorable to the plaintiff.  PDK Labs, 103 F.3d at 1108.

For example, one of the moving Doe Defendants could have downloaded or uploaded Plaintiff's movie from/to a non-moving, still unidentified Doe Defendant who does have personal jurisdiction in Washington, D.C.  If the discovery were to show that connection, Plaintiff would have a good faith argument to assert personal jurisdiction over that moving Doe Defendant based on that activity directed at this jurisdiction.  Therefore, because Plaintiff has not received all of the identifying information from all of the Doe Defendants, it is premature to dismiss any Doe Defendant at this time simply because that Doe Defendant may reside outside of the jurisdiction.

Additionally, it is interesting to note that none of the Doe Defendants' declarations state anything about them visiting the jurisdiction.  While most state that they do not reside in the district or conduct regular business in the district, the declarations do not disclaim that they occasionally visit the jurisdiction.  Further, Plaintiff's allegations state a specific date and time associated with each IP address for each Doe Defendant.  It is quite telling that none of the Doe Defendants' declarations make any mention of Doe Defendants' location on that date and time.  Obviously, if a Doe Defendant engaged in the infringing activity while visiting the jurisdiction, Plaintiff would have a good faith argument that the Court has jurisdiction over that Doe Defendant.

D.  THE ARGUMENTS THAT PLAINTIFF KNOWS THE JURISDICTION OF EACH DOE DEFENDANT BEFORE RECEIVING THE INFORMATION FROM THE ISPS IS UNSUBSTANTIATED.

The moving Doe Defendants argue that Plaintiff knows, or is able to determine, each Doe Defendant's geographic location without receiving the identifying information from the ISPs.

12

However, not only did the Court already hear this argument in connection with the *amicus* brief and oral argument, but it is simply not true.

The exact same argument and technique was specifically rejected in <u>Sony v. Does 1-40</u>.[10] There, the plaintiffs opposed this technique and stated that "the geographical designations fall 'far short' of 100 percent accuracy and are 'often extremely inaccurate.'"  326 F. Supp. 2d at 567.  The court went on to state that "[a]ssuming personal jurisdiction were proper to consider at this juncture, the techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located outside of New York.  This, however, does not resolve whether personal jurisdiction would be proper."  <u>Id.</u> at 567-568.

Similarly here, the moving Doe Defendants have not established that their techniques conclusively establish the location of any particular Doe Defendant.  In fact, the website cited in the omnibus motion (http://whatismyipaddress.com/) provides the following disclaimer when a user clicks on "Additional IP Details": "This information should *not* be used for emergency purposes, trying to find someone's exact physical address, or other purposes that would require 100% accuracy."  (emphasis added).  Additionally, that very same website has a page dedicated "How accurate is GeoLocation?" which states: "Determining the physical location down to a city or ZIP code, however, is more difficult and less accurate because there is no official source for the information, users sometimes share IP addresses and Internet service providers often base IP addresses in a city where the company is basing operations. [¶] Accuracy rates on deriving a city from an IP address fluctuate between 50 and 80 percent, according to DNS Stuff, a

---

[10]  It should be noted that the issues raised, arguments presented, and technique used for the omnibus motion mirrors what was submitted by the Amici previously in this case, and the documents filed by the Amici were exactly the same as those filed in <u>Sony Music Entertainment Inc. v. Does 1-40</u>.

Massachusetts-based DNS and networking tools firm." See

http://whatismyipaddress.com/geolocation-accuracy.[11]

Therefore, the arguments and techniques raised by the moving Doe Defendants that

Plaintiff knows or could know the exact location of every Doe Defendant is simply not true.[12]

Overall, it is premature for the Court to make any decision related to personal jurisdiction until

after Plaintiff obtains the information from the ISPs and names a particular Doe Defendant.


E.   THE ARGUMENTS RELATED TO MISJOINDER ARE STILL PREMATURE
     AND, REGARDLESS, NEVER JUSTIFY DISMISSAL.

The Doe Defendants argue that all of the Doe Defendants have been impermissibly

joined in violation of Fed. R. Civ. P. 20.  However, the Court has already heard and ruled on this

same argument.  The Court stated "that, at this juncture, the numerous Doe Defendants are not

severed due to misjoinder, but they may be severed in the future…."  [Doc. No. 34 at p. 1]  Even

though the Court left open the possibility of severing the case for misjoinder at some point, now

is not the right time.[13]

_____

[11]  As just one example of the potential inaccuracy with the techniques argued by the moving
Doe Defendants, when Plaintiff's counsel went on to the website (http://whatismyipaddress.com)
from their Leesburg, Virginia office, the result showed up as Warrenton, VA.

[12]  The omnibus motion also asserts that, using the same techniques, Plaintiff knows or could
know the exact location of the ISP.  However, the moving Doe Defendants' techniques for ISPs
present similar problems.  For example, the omnibus motion states that Time Warner Cable is
"centrally located in New York, NY."  [Doc. No. 43 at p. 11, fn. 4]  However, Time Warner
Cable's subpoena compliance department, seemingly its central location for the information
related to its Doe Defendants, is actually located in Herndon, Virginia.

[13]  In fact, the Court has made it clear that arguments related to joinder are premature until
Plaintiff actually names any Defendants.  [See Doc. No. 36 at p. 5, fn. 2 in West Bay One, Inc. v.
Does 1-1,653, Civil Action No. 1:10-cv-00481-RMC ("John Doe #2 also asserts that the Court
lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is

Nothing has changed since the Court made this ruling.  Plaintiff is still in the process of obtaining the Doe Defendants' identities from the ISPs.  Therefore, any consideration of joinder is premature and inappropriate at this stage.  See Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 568 (stating that "discussion of joinder is not germane to the motions to quash before the Court, as the remedy for improper joinder is severance, see Fed.R.Civ.P. 21, and not the quashing of the subpoena at issue here").


IV. CONCLUSION

Overall, no legal, factual, or practical reason exists to dismiss any Doe Defendant for lack of personal jurisdiction at this time.  As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.  See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Further, Plaintiff has shown good cause for obtaining the information related to the Doe Defendants from the non-party ISPs.  The Court should not curtail that discovery in the middle of the process, even if a Doe Defendant decides to identify himself or herself.  Therefore, the court should deny these motions to dismiss, and any similar pending or future motions filed

---

improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

before Plaintiff names any particular Defendant, and at least allow Plaintiff the opportunity to

complete its discovery and obtain evidence to prove the copyright infringement and irreparable

harm in this case.  Lastly, because Plaintiff has previously responded to motions similarly

framed, Plaintiff respectfully requests that the Court award Plaintiff its fees and costs in

responding to these motions.

Respectfully Submitted,

ACHTE/NEUNTE BOLL KINO BETEILIGUNGS
GMBH & CO KG

**DATED**:  September 24, 2010

By:      /s/ Thomas M. Dunlap
         Thomas M. Dunlap (D.C. Bar # 471319)
         Nicholas A. Kurtz (D.C. Bar # 980091)
         DUNLAP, GRUBB & WEAVER, PLLC
         1200 G Street, NW Suite 800
         Washington, DC 20005
         Telephone: 202-316-8558
         Facsimile: 202-318-0242
         tdunlap@dglegal.com
         nkurtz@dglegal.com
         *Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS was sent via first-class mail to the following:

Hannah M. Bull
2524 Commonwealth Drive, #54
Junction City, KS 66441
*Moving Doe Defendant [Doc. Nos. 48 and 60]*

Oleg Udud
3314 Northside Drive, #80
Key West, FL 33040
*Moving Doe Defendant [Doc. No. 51]*

Kenneth A. Edmunds
220 Cross Park Drive, #D42
Pearl, MS 39208
*Moving Doe Defendant [Doc. No. 54]*

Nathan Killian
2255 Lenox Road, NE #B-23
Atlanta, GA 30324
*Moving Doe Defendant [Doc. No. 57]*

Donald Mealey
311 Pasadena Drive
Magnolia, NJ 08049
*Moving Doe Defendant [Doc. No. 63]*

Bounheuane Hovangvilay
3025 Carson Street
Aurora, CO 80011
*Moving Doe Defendant [Doc. No. 66]*

Carey N. Lening, Esq.
1325 G St. NW Ste 500
Washington, DC 20005
*Attorney for Omnibus Motion Defendants [Doc. No. 77]*

Marie Moissonnier
34 Central Avenue
East Brunswick, NJ 08816
*Moving Doe Defendant [Doc. No. 82]*

17

Keith Lenhart
5413 Chatswood Way
Sacramento, CA 95843
*Moving Doe Defendant [Doc. No. 85]*

Kaley Twyford
1206 24th Ave. Ct., Apt. D
Milton, WA 98354
*Moving Doe Defendant [Doc. No. 89]*

Meisha Escoffery
7886 Dixie Beach Circle
Tamarac, FL 33321
*Moving Doe Defendant [Doc. No. 96]*

Brandon Conrad
419 Creel Avenue
Louisville, KY 40208
*Moving Doe Defendant [Doc. No. 99]*

Phillip Earl Poorman
201 C Chestnut Crossing Drive
Newark, DE 19713
*Moving Doe Defendant [Doc. No. 102]*

Galileo P. Sapitan
24993 Avocado Court
Hayward, CA 94544
*Moving Doe Defendant [Doc. No. 105]*

Christina A. DiEdoardo
Law Offices of Christina DiEdoardo
201 Spear Street, Suite 1100
San Francisco, CA 94105
*Attorney for Moving Doe Defendant [Doc. No. 107]*

/s/ Nick Kurtz
Nicholas A. Kurtz

18