UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ACHTE/NEUNTE BOLL KINO** <br> **BETEILIGUNGS GMBH & CO KG** <br><br> **Plaintiff,** <br><br> v. <br><br> **DOES 1 – 4,577** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) CA. No. 1:10-cv-00453-RMC <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S STATEMENT OF GOOD CAUSE IN RESPONSE TO COURT ORDER**

**[DOC. NO. 46]**

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

II. RELEVANT HISTORY ............................................................................................2

III. ARGUMENT..............................................................................................................3

    A. DISMISSING MR. ANSELL AND MR. WRIGHT BASED ON PERSONAL JURISDICTION WOULD BE PREMATURE BEFORE PLAINTIFF ACTUALLY NAMES ANY PARTICULAR DOE DEFENDANT TO THE CASE .........................3

    B. DISMISSING MR. ANSELL AND MR. WRIGHT BASED ON PERSONAL JURISDICTION WOULD BE PREMATURE BEFORE PLAINTIFF RECEIVES THE INFORMATION FROM THE ISPS RESPONSIVE TO THE SUBPOENAS ....7

    C. THE SUBMITTED DOCUMENTS DO NOT JUSTIFY DISMISSING MR. ANSELL OR MR. WRIGHT BASED ON PERSONAL JURISDICTION AT THIS TIME .....10

IV. CONCLUSION.........................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76 (2d Cir.1993)..................................................9

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y 2009) ..........................................8

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.)............11

Jazini v. Nissan Motor Co., 148 F.3d 181 (2d Cir.1998)................................................................9

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.).........10

London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D. Mass. 2008).................................. 7-8

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10,
    Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.)..................................................................10

PDK Labs, Inc. v. Friedlander, 103 F.3d 1105 (2d Cir. 1997) .......................................................9

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) ................................7

Twentieth Century Fox Film Corp., et al. v. Does 1-9,
    Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.)................................................................10

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.).11

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007)....................................11

Webster Industries, Inc. v. Northwood Doors, Inc., 234 F.Supp.2d 981 (N.D. Iowa 2002) ...........6

Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001).............. 5-6

**Statutes**

Fed. R. Civ. P. 4 ................................................................................................................................4

Fed. R. Civ. P. 5 ................................................................................................................................4

Fed. R. Civ. P. 12 ..............................................................................................................................4

Fed. R. Civ. P. 17 ..............................................................................................................................4

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

Plaintiff, the owner of the copyright of the motion picture "Far Cry," filed this case for copyright infringement against various individuals who allegedly illegally downloaded and distributed the movie over the Internet. When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringements. In order to discover the actual names of the Doe Defendants, Plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses, and the ISPs gave notice to their customers of the subpoena. Several of the individuals who received such notices moved to quash the subpoena and dismiss the case based on lack of personal jurisdiction and misjoinder.[1]

While the Court has already denied the motions to quash and has required that any anonymous Doe Defendant disclose his or her identifying information to the Court, the Court issued an order requiring Plaintiff to show cause why two Doe Defendants, who disclosed their identifying information in their motions to quash, should not be dismissed for lack of personal jurisdiction. As shown in more detail herein, such a dismissal is still premature and improper at this stage of the proceedings. Plaintiff has still not named these individuals, or anyone else, as a Defendant. Further, Plaintiff has not yet received the production related to one of these individuals from their ISP and has not received all of the identifying information from all of the ISPs. Notwithstanding that these Doe Defendants have already revealed their identifying information, Plaintiff needs the information responsive to the subpoenas in order to adequately

---

[1] Aside from an omnibus motion filed on behalf of numerous Doe Defendants, the "motions" filed have either been letter motions or form motions purchased by the Doe Defendants from the Affinity Law Firm in Jacksonville, Florida.

1

identify each Doe Defendant.  Lastly, the Court has already set a deadline for Plaintiff to name and serve the Defendants in this case, so there is no reason to begin dismissing Defendants in a piecemeal nature at this time.  Therefore, Plaintiff respectfully requests that the Court dismiss its show cause order and deny any outstanding or future motions of similar nature before Plaintiff names any particular Defendant.

II. RELEVANT HISTORY

Plaintiff filed its complaint against 2,094 Doe Defendants on March 18, 2010.  [Doc. No. 1][2]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on March 23, 2010.  [See Doc. Nos. 3, 6]  Pursuant to that order, Plaintiff served the various ISPs with subpoenas to identify the Doe Defendants, and those ISPs sent notice of the subpoena to the Doe Defendants.  Following the notice, but before production of Doe Defendants' information to Plaintiff, various Doe Defendants filed motions labeled variously as motions to quash, motions for protective orders, and motions to dismiss for lack of personal jurisdiction and misjoinder.  In particular, on or about May 14, 2010, one of the Doe Defendants, Mr. Randy Ansell, filed a purported motion to quash the subpoena served on Verizon in which he provided his identifying information.  [Doc. No. 15] Further, on or about June 1, 2010, one of the Doe Defendants, William J. Wright, filed a purported motion to quash the subpoena served on Charter in which he provided his identifying information.  [Doc. No. 20][3]

---

[2]  On May 12, 2010, Plaintiff filed its first amended complaint against 4,577 Doe Defendants. [Doc. No. 12]

[3] Please note that Mr. Wright filed a nearly identical purported motion to quash in *West Bay One, Inc. v. Does 1-1,653*, CA No. 1:10-cv-00481-RMC.

On September 10, 2010, the Court denied Mr. Ansell's and Mr. Wright's motions and ordered Plaintiff to show cause no later than September 30, 2010 why this case should not be dismissed against them for lack of personal jurisdiction. [See Doc. Nos. 44, 45, and 46] The Court stated that "These defendants appear to live outside of Washington, D.C. Mr. Ansell lists an address in Pennsylvania, and Mr. Wright lists one in Oregon. Because they live elsewhere, it is questionable whether Mssrs. Ansell and Wright have had sufficient contact with the District of Columbia to warrant this Court's exercise of personal jurisdiction over them." [Doc. No. 46][4]

Lastly, on July 22, 2010, the Court issued a Minute Order granting Plaintiff's Motion for Extension of Time to Name and Serve Defendants and order that Plaintiff shall name and serve all defendants no later than November 18, 2010.

III. ARGUMENT

    A.  DISMISSING MR. ANSELL AND MR. WRIGHT BASED ON PERSONAL JURISDICTION WOULD BE PREMATURE BEFORE PLAINTIFF ACTUALLY NAMES ANY PARTICULAR DOE DEFENDANT TO THE CASE.

It must be noted that Plaintiff's counsel has not found any authority for dismissing a defendant based on lack of personal jurisdiction before that defendant is named to the lawsuit. The plain language of the Federal Rules of Civil Procedure contemplates that a defendant can only respond to the complaint when that defendant has been named as a party and after a summons has been issued and served on a defendant (or service is waived by the defendant). For

---

[4] The Court seemed to make it clear that arguments related to personal jurisdiction are premature until Plaintiff actually names any Defendants. [See Doc. No. 36 at p. 5, fn. 2 in *West Bay One, Inc. v. Does 1-1,653*, Civil Action No. 1:10-cv-00481-RMC ("John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added).

Only then can the provisions of the Federal Rules of Civil Procedure, such as when a defendant must file a responsive pleading or motion, take effect. Therein, one of the things the summons must do is advise the defendant of the obligation to "appear and defend" and state the time the defendant has for doing so, whether after being served with the summons or by waiving service. See Fed. R. Civ. P. 4(a)(1)(D). The timeframe in which a defendant has to "appear and defend" therefore does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[5]

Similarly, a motion to dismiss would be premature, as there is no authority that one is permitted to even be filed before a defendant is named. As stated in Fed. R. Civ. P. 12(b):

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading *if one is required*. But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction…A motion asserting any of these defenses must be made before pleading *if a responsive pleading is allowed*. … If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b) (emphasis added).

The language clearly contemplates that a motion to dismiss for lack of personal jurisdiction is only appropriate if a responsive pleading is required or allowed. A responsive pleading is not yet required of the Defendants in this case because their deadline to appear and defend has not even started. They are not yet named parties to the case, and no summons has

---

[5] While the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case. For example, Fed. R. Civ. P. 17 states that an "action must be prosecuted in the name of the real party in interest," and Fed. R. Civ. P. 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known (See Fed. R. Civ. P. 5(b)(2)).

4

been issued with their names or directed at them.  [See Docket Entry of 3/24/10 ("SUMMONS Not Issued….")]

The only case Plaintiff's counsel could find similar to this topic is inapplicable and easily distinguishable.  In Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001), the court allowed an unnamed and unserved doe defendant to file an answer.  Id. at *3 (as the judge noted, "[n]either the parties, nor I, have found any cases on the issue faced here").  However, there the plaintiff alleged a specific alias name for the doe defendant, and the doe defendant's answer admitted using the alias name as described in the Complaint.  See id.  Accordingly, it was established that the person who filed the answer was definitively the doe defendant because that defendant admitted committing the alleged acts.

That is not the case here.  Mr. Ansell and Mr. Wright have not admitted to engaging in the activities alleged by Plaintiff.  Rather, they generally assert the exact opposite, and Mr. Wright specifically stated that he and his wife did not engage in any infringing activity and "had no knowledge of that."  [See Doc. No. 20]

In fact, the court in Zwebner recognized this distinction when it noted that a Massachusetts court declined to allow the unnamed defendant to file a motion to dismiss based on lack of personal jurisdiction in a companion case:

> Plaintiff suggests that in a similar case filed by plaintiff in Massachusetts and currently pending there, the court rejected French's attempt to appear in the case. The pleadings in that case show that plaintiff named as defendants Robert Villasenor and John Does 1-100. In the Complaint, plaintiff alleges that John Doe 1 used the alias "InternetZorro" when communicating over the Internet. Plaintiff also alleges that Villasenor published statements about plaintiff on the JDAF website, which plaintiff contends is controlled by French. Plaintiff further alleges that French published "a series of innuendos" about plaintiff on the Internet and that InternetZorro published "numerous false and defamatory statements about Zwebner." [¶] French filed a motion to dismiss contending that the court lacked personal jurisdiction over him. The court declined to hear French's motion because French was not a party to the action. [¶] Thus, unlike in the

5

present case, French did not appear and answer admitting he was InternetZorro, and the precise question at issue here was not addressed by the Massachusetts court.

2001 WL 210173 at fn. 2.

Although not as analogous to this case, and not dealing with anonymous defendants, Webster Industries, Inc. v. Northwood Doors, Inc., 234 F.Supp.2d 981 (N.D. Iowa 2002) provides another example of a court refusing to entertain a motion to dismiss based on lack of personal jurisdiction because it was premature. There, a named defendant, China Hardwood Imports, attempted to make a "special appearance" to contest service of process and jurisdiction based on attempted service and a letter from plaintiff entitled "Notice of Intent to File Written Application for Default." See id. at 987-988. The court noted that there was not yet any attempt by the plaintiffs to actually invoke the court's personal jurisdiction over China Hardwood Imports, as the plaintiff had not yet filed any application for default, so the court did not even entertain the merits of that defendant's motion to dismiss for lack of personal jurisdiction. See id at 988.

Similarly here, Plaintiff has not attempted to invoke the Court's personal jurisdiction over any particular Doe Defendant, including Mr. Ansell and Mr. Wright. Plaintiff has not named Mr. Ansell and Mr. Wright or any Defendant or sought any action by the Court over any particular Doe Defendant. Rather, Plaintiff has only requested discovery from the third-party ISPs.

Therefore, the Court should not dismiss any Doe Defendant until Plaintiff has actually named that person to the lawsuit. Additionally, the Court has already set a deadline for Plaintiff to name and serve all Defendants in this case, which is in less than two months. It would not prejudice Mr. Ansell and Mr. Wright or any Doe Defendant to allow Plaintiff to complete its

discovery within that time. Further, it would not make practical sense to dismiss particular Doe Defendants on a piecemeal basis before that time.[6]

### B. DISMISSING MR. ANSELL AND MR. WRIGHT BASED ON PERSONAL JURISDICTION WOULD BE PREMATURE BEFORE PLAINTIFF RECEIVES THE INFORMATION FROM THE ISPS RESPONSIVE TO THE SUBPOENAS.

The determination of the Court's jurisdiction over the Doe Defendants, including Mr. Ansell and Mr. Wright, is premature at this time, when Plaintiff is still conducting discovery to ascertain the identities of the Defendants. In a similar case, Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature.[7] The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants." Id. at 567. The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature." Id.; see London-

---

[6] Again, the Court seemed to make it clear that arguments related to personal jurisdiction are premature until Plaintiff actually names any Defendants. [See Doc. No. 36 at p. 5, fn. 2 in *West Bay One, Inc. v. Does 1-1,653*, Civil Action No. 1:10-cv-00481-RMC ("John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

[7] Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 567, fn. 8.

7

<u>Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claim she was not a resident of the forum state was an insufficient basis to disallow discovery); <u>see</u> also <u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

Here, dismissing any particular Doe Defendant, including Mr. Ansell and Mr. Wright, based on personal jurisdiction would likewise be premature. Plaintiff has not yet received the information sought regarding Mr. Wright from his ISP, Charter.[8] Further, Plaintiff has not yet received the information sought from the ISPs for many of the other Doe Defendants. Allowing Plaintiff to obtain the information from the ISPs is important for numerous reasons.

First, obtaining the information from the ISPs gives Plaintiff verification of the IP address associated with each Doe Defendant's ISP account, including Mr. Wright. As the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas. Because Plaintiff would otherwise be entitled to this discovery and because this discovery is already in progress, Plaintiff should at least be entitled to complete its discovery to independently verify Mr. Wright's IP address on the date and time of alleged infringing activity.

Second, obtaining the information from the ISPs gives Plaintiff verification of the residential address associated with each Doe Defendant's ISP account, including Mr. Wright. Again, Plaintiff is entitled to this information from the ISPs to independently verify a particular

---

[8] Plaintiff has received the production from Mr. Ansell's ISP, Verizon, including Mr. Ansell's information.

8

Doe Defendant's residential address. Obviously, should the ISP provide an address for Mr. Wright different from the one stated in his filed document and in this jurisdiction, Plaintiff would have a good faith argument that the Court has jurisdiction over him. Further, allowing Plaintiff to complete this discovery precludes any Doe Defendant from filing a similar motion or paper that lists a false or secondary address, knowing that the Court will dismiss them from this case before Plaintiff finds out the true residential address associated with their ISP account.

Third, the information sought from the ISPs gives more information than simply the name and address of the Doe Defendants. As requested in the subpoenas, some ISPs are able to provide the Doe Defendant's modem's Media Access Control (MAC) number, which provides Plaintiff with further evidence to substantiate its case. Charter is typically able to provide this information and presumably will be able to do so for Mr. Wright.[9]

C. THE SUBMITTED DOCUMENTS DO NOT JUSTIFY DISMISSING MR. ANSELL OR MR. WRIGHT BASED ON PERSONAL JURISDICTION AT THIS TIME.

While Mr. Ansell's and Mr. Wright's filing does give an address for them located outside of this jurisdiction, even if those locations are their residences, it does not conclusively establish that the Court lacks personal jurisdiction over them.[10] The Court could still have jurisdiction

---

[9] Again, Charter has not yet produced the information related to Mr. Wright because of his motion to quash and the Court's order to show cause for his dismissal.

[10] To avoid dismissal for lack of personal jurisdiction under Rule 12(b)(2), when such motions are brought before discovery and decided without an evidentiary hearing, a plaintiff need only make a prima facie showing that personal jurisdiction exists. PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79 (2d Cir.1993). A plaintiff may rely entirely on factual allegations, Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir.1998) and will prevail even if defendants make contrary arguments, A.I Trade, 989 F.2d at 79. In resolving such

9

over Mr. Ansell and Mr. Wright because they could have specifically directed their alleged infringing activities to the District of Columbia by downloading or uploading Plaintiff's copyrighted work with another Doe Defendant based in the District of Columbia or because they committed the infringing activities while visiting the jurisdiction.

For example, Mr. Ansell and Mr. Wright could have downloaded or uploaded Plaintiff's movie from/to a still unidentified Doe Defendant who does have personal jurisdiction in Washington, D.C. If the discovery were to show that connection, Plaintiff would have a good faith argument to assert personal jurisdiction over Mr. Ansell and Mr. Wright based on that activity directed at this jurisdiction. Therefore, because Plaintiff has not received all of the identifying information from all of the Doe Defendants, it is premature to dismiss any Doe Defendant, including Mr. Ansell and Mr. Wright, at this time simply because they may reside outside of the jurisdiction.

IV. CONCLUSION

Overall, no legal, factual, or practical reason exists to dismiss any Doe Defendant for lack of personal jurisdiction at this time, including Mr. Ansell and Mr. Wright. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386

---

motions, the court will read the complaints and affidavits in a light most favorable to the plaintiff. PDK Labs, 103 F.3d at 1108.

10

(EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Further, Plaintiff has shown good cause for obtaining the information related to the Doe Defendants from the non-party ISPs.  The Court should not curtail that discovery in the middle of the process, even if a Doe Defendant decides to identify himself or herself.  Therefore, the court should dismiss its show cause order and deny any similar pending or future motions filed before Plaintiff names any particular Defendant.  The Court should at least allow Plaintiff the opportunity to complete its discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

Respectfully Submitted,

ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG

**DATED**:  September 28, 2010

By:    /s/ Thomas M. Dunlap
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*

12

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 28, 2010, a true and correct copy of the foregoing PLAINTIFF'S STATEMENT OF GOOD CAUSE IN RESPONSE TO COURT ORDER [DOC. NO. 46] was sent via first-class mail to the following:

        William J. Wright
        P.O. Box 1442
        Coos Bay, OR 97420

        Randy Ansell
        8 Longview Dr.
        Avella, PA 15312

                /s/ Nick Kurtz
                Nicholas A. Kurtz