## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CA. 1:10-cv-00453-RMC |
| | : | |
| DOES 1-4,577 | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT'S REPLY TO MOTION TO QUASH

COMES NOW, Blair Chintella, by and on behalf of defendant Samir El-Gindi ("Defendant") *pro bono*, and prays that this Court issue an order quashing the subpoena seeking Defendant's personal information:

### SUMMARY OF THE CASE

Plaintiff commenced this lawsuit on March 18, 2010.   Complaint; docket item # 1. Defendant received a letter from an internet service provider ("Defendant's ISP") dated August 20, 2010 notifying him that they would release his personal information pursuant to a subpoena unless he challenged the subpoena within thirty days.   The subpoena required the production of documents at the following location: Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 199 Liberty Street S.W., Leesburg, VA 20175.   Exhibit G.   Defendant subsequently retained Blair Chintella ("Mr. Chintella") and Carey Lening ("Ms. Lening") to jointly represent him.   On September 9, 2010, Chintella faxed Defendant's ISP a letter notifying them that: (1) Defendant will challenge the subpoena; (2) the court-directed notice provides Defendant thirty days to challenge the subpoena; (3) Defendant considers the thirty-day period to begin (at the earliest) August 20, 2010, the date of the letter; and (4) Defendant's ISP should not release any personal

1

information before September 21, 2010 at the earliest or it would moot any challenge to the subpoena. During a phone conversation on or about September 10, 2010 with Shannon Stapleton ("Ms. Stapleton"),[1] she notified Mr. Chintella that Defendant's ISP would release Defendant's personal information on September 20, 2010.  Id.  Defendant contended at the time that Defendant's ISP was prohibited from releasing any personal information, at a minimum, anytime before September 21, 2010.  The issue of the proper thirty-day period has become moot.

On September 13, 2010, Ms. Lening filed a motion on behalf of Defendant seeking, *inter alia*, to quash the subpoena, Docket item # 77 ("Omnibus Motion"), and faxed a copy to Defendant's ISP the same day.  On September 16, 2010, the Court issued an order requiring all John Does who filed pleadings in this case to file a notice indicating various personal information no later than October 29, 2010, and prohibiting any future John Doe filings that omit this information.  Docket item # 91.  On September 24, 2010, Plaintiff filed its response to the Omnibus Motion, docket item # 109.  ("Plaintiff's Response").  On September 29, 2010, opposing counsel (Nicholas Kurtz) responded to an e-mail from Mr. Chintella and confirmed that Plaintiff received Defendant's personal information pursuant to the subpoena.  The deadline for filing a reply to Plaintiff's Response was October 4, 2010.  See Fed. R. Civ. P. Rule 6(b).  On October 4, 2010, Lening filed a motion to extend the time for Defendant to file a reply to Plaintiff's Response, which was solely applicable to Defendant and not to any other Defendants included in the Omnibus Motion.  Motion to Extend Time to File Brief; docket item # 114 ("Motion to Extend").  On October 5, 2010, the Court issued the following minute order granting Defendant an extension of time to file a reply to Plaintiff's Response:

> MINUTE ORDER granting 114 Motion for Extension of Time to File Reply re 77 Motion to Dismiss and 109 Plaintiff's opposition to motions to dismiss, Samir El-Gindi shall file a reply no later

---

[1] Ms. Stapleton is the head of the team responsible for handling these subpoenas at Defendant's ISP.

than 10/18/10.  Signed by Judge Rosemary M. Collyer on 10/5/10.

## ARGUMENT AND CITATION TO AUTHORITY

Defendant moves this honorable Court to issue and order quashing the subpoena for the reason that Plaintiff has served a subpoena exceeding the Court's jurisdiction.

### A.     The Subpoena is Facially Defective

The subpoena that Defendant received in this case is defective because it specifies a location for the production of documents that is outside the Court's jurisdiction.  Therefore, quashing the subpoena in its entirety is appropriate here.  See  Fed. R. Civ. P. 45(a)(2) states in relevant part:

> (2) *Issued from Which Court.*  A subpoena must issue as follows:
>
> . . .
>
> **(C)** for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

If a subpoena requires the production of documents outside of the district where the court is located, jurisdiction to issue the subpoena is lacking and the subpoena must be quashed in its entirety.  See Falicia v. Advanced Tenant Services, Inc., 235 F.R.D. 5, 10-11 (D.D.C. 2006). The place where documents are to be "produced" is the recipient's location and not the location of the sender.  See James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C. 2002). See also Oracle, USA, Inc. v. SAP AG, 2009 WL 1011321*2 (D.Colo. April 14, 2009) (summarizing court holdings across the country as "uniformly" rejecting the notion that production takes place where the sender resides).  Exhibit F.

In Falicia, the Court's holding and reasoning is as follows:

> 3. *Notice and Jurisdiction Arguments raised in response to Plaintiffs' reply*

[10][11][12] Single Point and Dixie Dale raise new arguments in their response to the plaintiffs' opposition regarding the jurisdiction of this court and the adequacy of the notice provided to the named defendants-Advanced Tenant and James Douglas, Sr. Specifically, Single Point and Dixie Dale claim that this Court was not the proper court to issue the subpoenas because it required that documents be produced in another district (Maryland) and that the named defendants did not receive sufficient notice of *11 the issuance of the subpoena. Resp. to Pls.' Opp. at 1-3. Ordinarily, courts decline to consider arguments raised for the first time in a reply to an opposition. See *Public Citizen Health Research Group v. Nat'l Institutes of Health*, 209 F.Supp.2d 37, 43-44 (D.D.C.). However, one of the arguments challenges the jurisdiction of this Court to issue the subpoena, and a challenge of this nature cannot be dismissed without considering whether it has merit. With respect to this challenge, Federal Rule of Civil Procedure 45(a)(2)(C) states that "[a] subpoena must [be] issue[d] ... from the court for the district where the production or inspection is to be made." Therefore, this Court could not issue a subpoena that required Wachovia to produce the documents in Maryland. Accordingly, even though the plaintiffs are otherwise entitled to obtain the subpoenaed records, Single Point's and Dixie Dale's motions to quash the subpoenas must be granted. The plaintiffs must therefore return all information and documents they received from Wachovia pursuant to the subpoena.[FN5] Any other result would permit the plaintiffs to benefit from information and documents improperly produced to them in the District of Maryland.[FN6]

> FN5. Any copies of this information or documents must also be destroyed or returned to Wachovia along with the documents that were actually received.

> FN6. Nothing precludes the plaintiffs from obtaining the same information and documents if done in compliance with Rule 45 of the Federal Rules of Civil Procedure. Until this occurs, the plaintiffs may not use the subpoenaed records for any purpose.

Id at 10-11.

Here, the subpoena that seeks production of documents in Virginia, which is outside the district where the District Court of the District of Columbia sits. See Exhibit G. Therefore, Defendant requests that this court quash the subpoena since it attempts to extend the Court's jurisdiction beyond that allowed by Fed. R. Civ. P. Rule 45. As the Court in Falicia stated, "[a]ny other result would permit the plaintiff's to benefit from information and documents improperly produced to them in the District of Maryland." Id at 10-11.

WHEREFORE, Defendant prays that the subpoena seeking Defendant's personal information be quashed, and that the Court issue an order requiring Plaintiff to destroy and/or return all information collected regarding the subpoena to Defendant's ISP, and an order prohibiting Plaintiff from using any information obtained through the subpoena in this case in any way relating to this case. Also, Defendant prays that the Court issue an order requiring Plaintiff to provide the Court with a list of subpoenaed defendants where production is required outside of the District of Columbia.

Respectfully submitted this 7th day of October, 2010 *pro bono* pursuant to Local Rule 83.2(g):

Blair Chintella
On behalf of Defendant
GA Bar No. 510109
2345 Peachwood Circle NE
Apt. 1213
Atlanta, GA 30345
(404) 579-9668
bchintel1@gmail.com

## CERTIFICATE OF SERVICE

    I am an attorney for Defendant.  On October 7, 2010, I sent a true and complete copy of the foregoing Defendant's Reply to Motion to Quash to the following parties and/or their attorneys of record via United States mail:

Mr. Nicholas Kurtz
Dunlap, Grubb & Weaver, PLLC
1200 G. Street, NW Suite 800
Washington, DC 20005

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Blair Chintella
On behalf of Defendant
GA Bar No. 510109
2345 Peachwood Circle NE
Apt. 1213
Atlanta, GA 30345
(404) 579-9668
bchintel1@gmail.com

Not Reported in F.Supp.2d, 2009 WL 1011321 (D.Colo.)
**(Cite as: 2009 WL 1011321 (D.Colo.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
ORACLE, USA, INC., a Colorado corporation, et al.,
Plaintiffs,
v.
SAP AG, a German corporation, et al., Defendants.
**Civil Action No. 08-cv-02383-WDM-KMT.**

April 14, 2009.

Dorian E. Daley, Jennifer W. Gloss, Oracle Corpora-
tion, Redwood Shores, CA, Geoffrey M. Howard,
Holly A. House, Lucia Maria MacDonald, Bingham
McCutchen, LLP, San Francisco, CA, for Plaintiffs.

Elaine Wallace, James S. McDonell, Jones Day, San
Francisco, CA, Jane Louise Froyd, Palo Alto, CA, for
Defendants.

**ORDER ON RECOMMENDATION OF MAG-
ISTRATE JUDGE**

MILLER, J.

**\*1** This case is before me on the recommendation of
Magistrate Judge Kathleen M. Tafoya (doc no 13),
filed March 27, 2009, that the Motion to Quash Sub-
poena Duces Tecum (doc no 1) filed by Interested
Party Spinnaker Management Group, LLC be
granted. No party has filed an objection to the rec-
ommendation therefore no party is entitled to *de novo*
review. 28 U.S.C. § 636(b).

This case concerns the issuance of a subpoena from
this court concerning ongoing litigation in the United
States District Court for the Northern District of Cali-
fornia. Magistrate Judge Tafoya recommends that the
motion to quash be granted because the subpoena
requires that documents be produced in California.
Fed.R.Civ.P. 45(a)(2)(c) prescribes that such a sub-
poena must issue from the court from the district in
which the documents are to be produced. Therefore,
the subpoena should be issued by the California
court, not this court, because this court has no author-
ity to enforce the subpoena. *See, e.g., Falicia v.
Advanced Tenant Servs., 235 F.R.D. 5, 11 ( D.D.C.
2006).*

I agree with Magistrate Judge Tafoya's analysis and
will accept the recommendation in its entirety.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kathleen
M. Tafoya (doc no 13) is accepted.

2. The Motion to Quash Subpoena Duces Tecum (doc
no 1) is granted. The subpoena issued by Plaintiffs to
Spinnaker Management Group, LLC is quashed and
this case is dismissed.

**RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

KATHLEEN M. TAFOYA, United States Magistrate
Judge.

ORACLE USA, INC., a Colorado corporation,
ORACLE INTERNATIONAL CORPORATION, a
California corporation, ORACLE SYSTEMS COR-
PORATION, a Delaware corporation, ORACLE
EMEA LIMITED, an Irish private limited company,
and J.D. EDWARDS EUROPE LIMITED, an Irish
private company, Plaintiffs,

v.

SAP AG, a German corporation, SAP AMERICA,
INC., a Delaware corporation, TOMORROWNOW,
INC., a Texas corporation, and DOES 1-50, inclu-
sive, Defendants.

This case comes before the court on "Spinnaker
Management Group, LLC's ("SMG") Motion to
Quash Subpoena Duces Tecum" [Doc. No. 1, filed
November 3, 2008]. Plaintiffs in the underlying case
(herein collectively "Oracle") filed their "Opposition
to Spinnaker Management Group LLC's Motion to
Quash Subpoena Duces Tecum" on November 24,
2008 ("Rsp.") [Doc. Nos. 8 and 9] and SMG filed it's
Reply on December 8, 2008. [Doc. No. 12.] Oral
argument would not assist the court further and the
matter is ripe for review and recommendation.

*BACKGROUND*

The Oracle plaintiffs have filed suit in the Northern
District of California against TomorrowNow and its

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 1011321 (D.Colo.)
**(Cite as: 2009 WL 1011321 (D.Colo.))**

parent companies, SAP AG and SAP America alleging, in part, that TomorrowNow improperly downloaded and used Oracle's proprietary, copyright protected software products and documentation related to Oracle's JD Edwards, Peoplesoft, and Siebel Systems products. (Rsp. at 1.) Oracle further alleges that SMG provides third party software support for Oracle's JD Edwards, Peoplesoft, and Siebel Systems software programs. (*Id.* at 1-2.) Oracle asserts that SMG took over service obligations for several former TomorrowNow customers when TomorrowNow ceased doing business. (*Id.*) Oracle, through its document subpoena on SMG, seeks information about whether TomorrowNow may have transferred Oracle-owned intellectual property to SMG, along with other information. (*Id.*)

**\*2** Oracle served SMG with subpoenas for document production on October 21, 2008 which required documents to be produced on November 21, 2008 at 9:30 a.m. at the offices of Bingham McCutchen, LLP, Three Embarcadero Center, Suite 2800, San Francisco, California 94111. (Mot., Exh. A.) Oracle's subpoena requested documents and communications related to: Spinnaker's provision of software support for Oracle products; its acquisition of the JD Edwards support team consisting of former TomorrowNow employees; and Spinnaker's consideration of acquiring and/or investing in TomorrowNow. (Rsp. at 2.)

*ANALYSIS*

Fed.R.Civ.P. 45(a)(2) provides

  (2) Issued from Which Court. A subpoena must issue as follows:

  (A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;

  (B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and

  (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

*Id.*

Oracle argues that the place where "production ... is to be made" is the District of Colorado because the documents reside in Colorado and will have to be mailed to California to comply with the subpoena. Oracle theorizes that "production" occurs at the moment SMG puts the documents in the mail or gives them to a delivery service; therefore the "production" will take place in Colorado. Courts across the country have uniformly rejected this analysis, however, and have consistently held that the court to properly issue a Rule 45 document subpoena is the court where the documents will *ultimately* end up, in this case the Northern District of California. *Spratt v. Leinster,* 2007 WL 1834035 (D.Colo.2007). *See also, United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.,* 444 F.3d 462, 468 (6th Cir.2006); *Burks v. Fulmer Helmets, Inc.,* 2009 WL 742723, \*1-2 (N. D.Miss.2009); *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.,* 2008 WL 4829583, \*1 (E.D.La.2008); *James v. Booz-Allen & Hamilton, Inc.,* 206 F.R.D. 15, 19 (D.D.C.2002); *American Nat. Ins. Co. v. RBS Citizens, N.A.,* 2008 WL 3992786, \*1 (D.R.I.2008); *Monsanto Co. v. Victory Wholesale Grocers,* 2008 WL 2066449, \*3 (E.D.N.Y.2008); *Hickman v. Hocking,* 2009 WL 35283, \*1-2 (S.D.Ill.2009).

The subpoena at issue in this case was issued out of the District of Colorado for production of documents in the Northern District of California. Therefore, the subpoena is fundamentally flawed, requiring that the subpoena be quashed because this Court has no authority to enforce such a subpoena. *McKenna v. CDC Software, Inc.,* 2008 U.S. Dist. LEXIS 69453, \*3-4 (D.Colo.2008); *Echostar Commc'ns Corp. v. The News Corp.,* 180 F.R.D.391, 396-97 (D.Colo.1998). *See           also           Falicia v. Advanced Tenant Servs.,* 235 F.R.D. 5, 11 ( D.D.C. 2006).

**\*3** Additionally, SMG has raised a number of objections pertaining to privileges and protections for the documents sought by the subpoena. Although this Court's mandatory recommendation to quash unavoidably elevates form over substance, it cannot be disputed that the District Court for the Northern District of California, where the underlying litigation is being conducted, is in a far better position than the District of Colorado court to address substantive is-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Exhibit F - pg. 3          Page 3

Not Reported in F.Supp.2d, 2009 WL 1011321 (D.Colo.)
**(Cite as: 2009 WL 1011321 (D.Colo.))**

sues of privilege and privacy as they relate to these parties.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that Spinnaker Management Group, LLC's ("SMG") Motion to Quash Subpoena Duces Tecum" [Doc. No. 1] be **GRANTED,** that the subpoena be quashed and that this case be dismissed.

### *ADVISEMENT TO THE PARTIES*

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *In re Griego,* 64 F.3d 580, 583 (10th Cir.1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma,* 73 F.3d 1057, 1060 (10th Cir.1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers,* 195 F.3d 573, 579-80 (10th Cir.1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property,* 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.,* 52 F.3d 901, 904 (10th Cir.1995) (by failing to object to certain portions of the Magistrate Judge's order, crossclaimant had waived its right to appeal those portions of the ruling); *Ayala v. United States,* 980 F.2d 1342, 1352 (10th Cir.1992) (by their failure to file objec-

tions, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS,* 418 F.3d 1116, 1122 (10th Cir.2005) (firm waiver rule does not apply when the interests of justice require review).

D.Colo.,2009.
Oracle, USA, Inc. v. SAP AG
Not Reported in F.Supp.2d, 2009 WL 1011321 (D.Colo.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Exhibit G

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS ... | ) |
| *Plaintiff* | ) |
| v. | ) |
| DOES 1-2,094 | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:10-cv-00453-RMC

(If the action is pending in another district, state where:
                                                                      )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Comcast Cable Communications, Attn: Colin Padget/ Legal Response Center, 650 Centerton Road
      Moorestown, NJ 08057, care_customer@cable.comcast.com, Fax 866-947-5587

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: In accordance with the conditions in the order in this case, provide the name, current (and permanent)
      addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals
      whose IP addresses are listed in the attached spreadsheet.

| Place: Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC<br>199 Liberty Street S.W., Leesburg, VA 20175 | Date and Time:<br><br>08/31/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   05/27/2010

              *CLERK OF COURT*

                                                            OR

_____                    _____
     *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Plaintiff
ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG          , who issues or requests this subpoena, are:
Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 199 Liberty Street S.W., Leesburg, VA 20175,
Tel: 877-223-7212, Fax: 703-777-3656, email: subpoena@dgwlegal.com