Case No. 1:10-cv-000453RMC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

*Let this be filed nunc pro tunc Nov 9 2010*

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG V. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) ) |
| DOES 1-4,577 | ) ) |
| Defendants | ) ) ) |

Case No.: 1:10-cv-00453-RMC

Motion to Quash pursuant and Motion to Dismiss

## Consolidated Motion to Quash pursuant to Fed. R. Civ. P. 45(c)(3) and Motion to Dismiss pursuant to Fed. R. Civ. P. 45(12)(b)(2).

Defendant, through his undersigned counsel, hereby submits this Consolidated Motion to Quash, pursuant to Fed. R. Civ. P. 45(c)(3) and Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2).

For the reasons fully set forth in the Memorandum of Points and Authorities and the Defendant's Declaration [Exhibit A] the Motion should be granted.

Date: November 9, 2010

/s/ Patrick J. King

Patrick J. King

PATRICK J. KING
D.C. Bar No.: 497837
USDC for DC Bar No.: 497837
47 Seaton Pl., NW
Washington, D.C. 20001
Tel.: (202) 359-4190
Fax: (202) 237-5383
Email: frompeking@yahoo.com

RECEIVED NOV - 9 2010
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG <br> Plaintiff, <br><br> v. <br><br><br> DOES 1-4,577 <br><br> Defendants | Case No.: 1:10-cv-00453-RMC |

## Memorandum of Points and Authorities

### Introduction

This Consolidated Motion is brought Larry Collins one of the 4,577 persons being sued by Plaintiff for alleged copyright infringement of plaintiff's movie, "Far Cry." Mr. Collins is a not a resident of the District of Columbia, and plaintiff has not alleged any facts that would subject Mr. Collins the jurisdiction of this Court. Furthermore, plaintiff has joined in one action nearly 5,000 unknown defendants whose only connection to one another is the shared allegation of infringement, and that they are customers of various internet service providers (ISPs), including AT&T.

Mr. Collins, along with several other unknown defendants, was served by his ISP notifying that unless a motion to quash was filed, his personal information would be disclosed to

1

the plaintiff, such information including his current (and permanent address), email address and Media Access Control number.

## Argument

### I.    Plaintiff Alleges No Facts Upon Which Personal Jurisdiction Can Be Granted

Plaintiff has alleged no facts that would subject Mr. Collins or any of the nearly 5,000 other defendants to suit within the District of Columbia. Plaintiff files its claim of copyright infringement upon "information and belief" (Complaint, Dkt. 1, p. 2) that every defendant can be found in the District of Columbia, and that unlawful distribution of its copyrighted material "occurred in every jurisdiction" (id.) in the United States. Plaintiff's however, reference no statute or case law that supports its theory of universal jurisdiction. Moreover, plaintiff's theory of joining unrelated defendants whom are alleged to have used the same technology to infringe the same copyrighted material over peer-to-peer networks has been rejected by other courts.[1]

The United States Code states that "[a] civil suit to enforce the Copyright Act may be brought in any district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The "defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." *Palmer v. Braun*, 376 F.3d 1254, 1259-60 (11th Cir. 2004), citing *Milwaukee Concrete Studios v. Fjeld Mfg. Co.*, 8 F.3d 441, 445-46 (7th Cir.1993). Within the District of Columbia, personal jurisdiction is proper under D.C. Code § 13-423, where "first, the defendant must have engaged in one of seven enumerated activities, and second, "[the] claim for relief [must] aris[e] from acts enumerated" in the statute." *Etchevarne-Bourdin v. Radice*, 982 A.2d 752 (D.C. 2009). "Plaintiffs have the

---

[1] See *LaFace Records, LLC v Does 1-38 No*, No. 5:07-CV-298-BR, citing *Interscope Records v. Does 1-25*, No. 06:04-cv-00197-ACC-DAB, U.S. Dist. LEXIS 27782 (M.D. Fla. April 1, 2004).

2

burden of establishing that this Court has personal jurisdiction over defendant… and alleging specific facts upon which personal jurisdiction may be based." *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998). Plaintiff has failed to allege any facts that would subject Mr. Collins to personal jurisdiction within the District of Columbia.

### (a) Plaintiff's copyright infringement claim against Larry Collins does not arise out of "transacting" business in the District of Columbia, or "contracting to supply services" in the District of Columbia

The Plaintiff does not present any facts that the copyright infringement arises from section (a)(1), however, out of an abundance of caution, the section is briefly addressed. While the Courts have found that non-resident defendant can be subject to DC long-arm statute that does not provide retail services in the District of Columbia, the Court has done so narrowly. The Court has also found minimum contacts where the non-resident defendant solicits business from District residents through advertising within the District of Columbia. In *Shoppers Food Warehouse v. Moreno*, the Court found that advertising in Washington Post, television networks, and the C&P yellow pages, designed to target D.C. residents to stores in Maryland and Virginia, acts which were held to be tantamount to transacting business in D.C., under sec. a(1). *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 331 (D.C. 2000). A defendant must have purposefully availed itself to the privilege of conducting activities within the forum state. *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1980). Mr. Collins has not done so.

Plaintiff asserts no facts that Mr. Collins, a resident of Illinois, contracts with AT&T in the District of Columbia for internet service. Mr. Collins is a resident of Illinois and contracts with AT&T in the state where he resides. Therefore, plaintiff's allegation that Mr. Collins

contracts with an ISP in the District of Columbia (Complaint, Dkt. 1, p. 3) is unfounded and contrary to fact. Since plaintiff's subpoena does not allege facts that each Mr. Collins transacts business within the District of Columbia, Mr. Collins cannot be subject to its long-arm statute via sec. a(1) or sec. a(2).

**(b) D.C. Code Ann. Sec 13-423 D.C. Code Ann. Sec. 13-423 a(3), causing injury in the District of Columbia by an act or omission in District of Columbia.**

Plaintiff does not offer any facts that Mr. Collins was located in the District of Columbia at the time of the alleged infringement, or that the computers from which Mr. Collins allegedly downloaded or copied the subject material, were located in the District of Columbia. Furthermore, there are no assertions made by the Declaration of Mr. Collins [Exhibit A] that would subject him to this Court's jurisdiction. While plaintiff has identified the I.P. addresses of the alleged infringers of their copyrighted work, they do not assert that the I.P. addresses are located in the District of Columbia. The Plaintiff subpoena to AT&T is to ascertain the name, address, etc. of the infringers, which are presumably in different States to which AT&T serves, i.e. not within the District of Columbia. Mr. Collins received this notice in Illinois, not in the District of Columbia. Presumably, Mr. Collins' ISP determined that activity associated with his IP address did not occur in the District of Columbia on the date and time alleged by Plaintiff.

Similar copyright holders have brought claims against defendants in forums where the defendants are subject to personal jurisdiction. In *Arista Records v. Does 1-17*[2], the copyright holder brought infringement claims against seventeen unnamed defendants for alleged copyright violations via peer-to-peer file sharing. The plaintiff served the University of Oregon with a

---

[2] *Arista Records, LLC v Does 1-17*, No. 07:6197-HO (D. Or., Oct. 25, 2008), available at http://recordingindustryvspeople.blogspot.com/2007/01/index-of-litigation-documents.html#Arista_v_Does1-17, last visited Oct. 31, 2010).

subpoena compelling the names, current and permanent addresses, and telephone numbers, sufficient to identify the alleged infringers. *Id.* Arista Records has pursued several copyright infringement claims against peer to peer defendants in the jurisdiction where the alleged copyright infringement has taken place, i.e. where the copyright infringer is located.

In *Arista Record v. Doe 3*, the Recording Industry Association of America, through use of a third-party investigator detected various copyrighted works within various Does file sharing folders on various peer-to-peer networks. *Arista Record v. Doe 3*, 604 F.3d 110, 113 (2d Cir. 2010). The recording industry has not been prevented from protecting its copyright interest by pursuing Does in the state where the copyright infringement takes place.[3] Arista Records, BMG, Elektra and several other recording industry companies have sued Does for copyright infringement in the states where the infringers reside.[4] By doing such, plaintiff's does not run afoul of defendant's expectation that he or she may not be subject personal jurisdiction in forums where no harm was committed, and where the defendant has no minimum contacts. To do so would potentially subjects all alleged defendants to "undue burden." Fed. R. Civ. P. 45(c)(3)(A), and contravene long settled principles that a person must have certain minimum contacts with forum state such that the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**(c) Plaintiff's complaint contains no facts that Defendant caused tortious injury in the District of Columbia by an act or omission outside the District of Columbia;**

Plaintiff has not alleged any facts that Mr. Collins caused tortious injury in the District of Columbia, by acts or omission outside of the District of Columbia. D.C. Code § 13-423 states

---

[3] See, Ray Beckman, *Index of Litigation Documents*, Recording Industry vs The People, at http://beckermanlegal.com/Documents.htm (last visited Oct. 31, 2010).
[4] *Id.*

that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia" D.C. Code § 13-423(a)(4). "In order to establish personal jurisdiction under this provision a plaintiff must make a prima facie showing that (1) plaintiff suffered a tortious injury in the District of Columbia; (2) the injury was caused by the defendant's act or omission outside of the District of Columbia; and (3) defendants had one of three enumerated contacts with the District of Columbia. Plaintiffs must satisfy all three requirements and also establish minimum contacts within the confines of due process before the Court can exercise personal jurisdiction over defendant ...." *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998). Plaintiff has not demonstrated that it was injured in the District of Columbia, or that the defendant has any of the enumerated contacts set by this Court in *Blumental v Drudge*.

Plaintiff has alleged no facts in their original or amended complaint that would give rise to personal jurisdiction under sec. a(4). Plaintiff has not alleged that the film was uploaded or downloaded in the District of Columbia; plaintiff has not presented any facts that Mr. Collins copied or failed to prevent others from copying plaintiff's film in the District of Columbia, or that Mr. Collins distributed or failed to prevent others from distributing plaintiff's film – outside of the District of Columbia. Plaintiff has failed to make a prima facie showing that Mr. Collins or any of the other Does listed by their IP address has 'one of three enumerated contacts' with the District of Columbia, or that the defendant has any minimum contacts with the District of Columbia. Therefore, plaintiff has not established that jurisdiction is proper.

### (d) Non-resident defendant must have minimum contacts ("plus factors") in order for the Court to exercise personal jurisdiction

The non-resident defendant must have minimum contacts with the District of Columbia, to meet the statutory threshold of sec. (a)(4). The Court may find jurisdiction if the defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." sec. (a)(4). These so-called, plus factors must demonstrate a "reasonable connection" between the jurisdiction in which the court sits, "separate from and in addition to the in-state injury." *Crane v. Carr*, 814 F.2d, 758, 762. Alone, these "plus factors" do not provide the basis for asserting jurisdiction, but "serve to filter out cases in which the inforum impact is an isolated event and the defendant otherwise has no, affiliation with the District of Columbia. *Crane v. Carr* 814 F.2d at 763. For the Court "[t]o require the [defendant] in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the [defendant] to comport with due process." *International Shoe v. Washington*, 326 U.S. 310, 317 (1945).

This Court has determined such plus factors establishing minimum contact by non-resident defendants. where the defendant solicits information from District residents. In Blumenthal, the Court found that the defendant had sufficient non-internet related contacts with D.C. to establish personal jurisdiction. *Blumenthal v. Drudge*, 992 F. Supp. 44, 55-57 (D.D.C. 1998). The plus factors considered by the Court included the fact that non-resident defendant Drudge was able to directly email residents in the District of Columbia, via an interactive website, and that Drudge solicited and received financial contributions from D.C. residents. This website allowed an interactive exchange between the resident browser's computer and the non-

resident defendant's computer. Furthermore, the Court found that the subject matter of defendant's website, relating to the D.C. politics, was directed at residents of the District of Columbia. Drudge solicited gossip from D.C. residents and government officials.

Plaintiff's theory of personal jurisdiction would set a troubling precedent that would erode the protections of due process clause, and decades of settled case law. Plaintiff's theory of jurisdiction would subject an AT&T customer to forums where AT&T does not offer services. The legal test before this Court is not whether defendants are subject to personal jurisdiction because they used the same infrastructure to infringe plaintiff's rights, but whether the defendant personally availed himself to the forum state. Mr. Collins has not availed himself to the District of Columbia, and is therefore not subject to its long-arm statute.

Moreover, if an individual, by use of an internet tool, can be subject to every forum state where that tool could potentially be used, then so can every corporation that uses internet tools and services, be subject to personal jurisdiction in every state where those tools and services are available. Again, plaintiff offers no case law to support this theory, or does it offer a logical rationale for departing from settled case law.

Finally, plaintiff's theory of universal jurisdiction would suggest an extra-territorial effect, as there are undoubtedly file sharing peers in the swarm who are not located in the United States, but are responsible for distributing content within the United States. But this theory would obviously result in a legal contradictions, as it well-settled law that the U.S. copyright laws have no extraterritorial effect. *United Dictionary Co. v. G. & C. Merriam Co.*, 208 U.S. 260 (1908). Plaintiff's jurisdiction theory would have this Court selectively acknowledge certain

Constitutional principles and disregard others (*International Shoe Co,* *World-Wide Volkswagen*).

Therefore, as the Plaintiff has not alleged any facts that would subject Mr. Collins to D.C.'s long-arm statute, personal jurisdiction is improper and the motion to quash should be granted.

### (e) Plaintiff has access to free publicly available utilities to ascertain the State of the I.P. address and can issue subpoenas in those states.

Plaintiff has several unutilized means at its disposal to determine the correct forum to bring copyright infringement claims against alleged infringers. Plaintiff could have simply subpoenaed the ISP to provide the state in which the IP address was located, and pursued its claim against individual Does in those forum states.

In addition, there are free publicly available websites, such as whatsmyipaddress.com that provide services enabling any member of the public to locate the state associated with an IP address.[5] Figure 1 is a search result from utilizing whatsmyipaddress, IP Lookup tool. The figure displays the internet service provider, the type of connectivity, and most pertinent to the matter before the Court, the state in which the IP address is located. There are several free utilities that provide similar information.[6]

Figure 1.

### General IP Information

    Hostname:                      c-98-204-50-92.hsd1.dc.comcast.net

---

[5] *IP Lookup*, Whatsmyipaddress.com, http://whatismyipaddress.com/ip-lookup (last visited Oct. 31, 2010).
[6] See *Find IP Address*, http://www.find-ip-address.org/ (last visited Oct. 31, 2010); *IP2Location*, http://www.ip2location.com/free.asp (last visited Oct. 31, 2010).

| | |
|---|---|
| ISP: | Comcast Cable |
| Organization: | Comcast Cable |
| Proxy: | None detected |
| Type: | Broadband |
| Assignment: | Dynamic IP |
| Blacklist: | |

**Geographic Information**

| | |
|---|---|
| Country: | United States |
| State/Region: | District of Columbia |
| City: | Washington |
| Latitude: | 38.9097 |
| Longitude: | -77.0231 |
| Area Code: | 202 |
| Postal Code: | |

Plaintiff's also have available to itself, several media and technology companies that specialize in monitoring peer-to-peer file sharing of copyrighted material. One such company, Peer Media Technologies, will send notices to users via ISPs when they are observed trying to download copyrighted content on P2P networks.[7] Plaintiff can avail itself to a number of means of obtaining the information it request without asking the Court to violate defendant's Due Process rights.

As plaintiff has met none of the statutory requirements of D.C.'s long-arm statute (D.C. Code § 13-423), and provides no legal rationale for accepting its theory of universal jurisdiction, this Court should quash the subpoena and dismiss the current action against Mr. Collins for lack of personal jurisdiction.

## II.     Improper Joinder of Defendants by Plaintiff

---

[7] *Notification Services*, Peer Media Technologies, http://www.peermediatech.com/notification.html (last visited Oct. 31, 2010). *See also,* Copyright Enforcement Group, http://www.copyrightenforcementgroup.com/ (last visited Oct. 31, 2010); see also Attributor, http://www.attributor.com/ (last visited Oct. 31, 2010).

### (a) Plaintiff has no legal or factual basis for asserting that infringement has occurred from the same transaction, occurrence, or series of transaction or occurrences

Federal Rules of Civil Procedure, Rule 20, permits joinder of defendants where:

> Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and
>
> (B) any *question of law or fact common to all defendants* will arise in the action. (emphasis added).

Plaintiff has failed to show a common transaction, occurrence, or series of transactions that would make joinder proper. Plaintiff has failed to assert that the alleged infringement by each movant arose out of the same transaction or occurrence as the other 4,500 other Does in the suit before this Court. Plaintiff alleges no common nexus of facts that would provide basis to sue Mr. Collins along with the other Does. There is no allegation that the Does know each other, and there is no allegation that any activity was coordinated among the thousands of other Does. Combing anonymous defendants into a single action will undoubtedly increase confusion of individual defendants, prejudice defendants joined across multiple jurisdictions, and disproportionately consume the Court's resources.

Defendants, including Mr. Collins are alleged to have downloaded the same movie, over the same internet service provider, using the same peer-to-peer file sharing method. However, the commitment of a similar act, utilizing a similar infrastructure, does not create the common nexus of facts required to meet the transactional test set forth in Rule 20. Courts dealing with similar copyright infringement claims have held that joinder is improper where there is no

11

assertion that multiple defendants have acted in concert.[8] *LaFace Records, LLC v. Does 1-38,* WL 544992, 5:07-CV-298-BR (E.D.N.C. 2008). In accordance with Fed. R. Civ. P. Rule 20 (b) this Court should dismiss the action on grounds of improper joinder. In *Interscope Records v. Does 1-25,* a similar copyright infringement where Interscope Records posited a joinder theory similar to plaintiff's, the District Court having found no common transaction or occurrence, required the record company to initiate individual actions against each defendant.[9]

As in *Interscope* and *LaFace Records,* Mr. Collins and the other individual defendants have been improperly joined, because there is no common transaction or occurrence to join the defendants within the framework of Rule 20. This court should sever the claims against all defendants and require the plaintiff to file individual actions against each individual defendant.

Allowing plaintiffs to sue en masse will unduly prejudice defendants, many of whom most likely reside in different states. Furthermore, the burden upon the Court would include significant administrative inconvenience upon the Clerk's office, which would be responsible for coordinating service upon 4,500 defendants. The resources required to hold hearings or conferences, and accommodate 4,500 defendants and their attorneys would be significant. Although filing en masse actions against multiple un-related defendants may be an administrative and financial convenience for the plaintiff, enabling one filing fee, instead of the nearly 5,000 filing fees, such rationalization is not consistent with Rule 20 requisites for permissible joinder.

---

[8] *See BMG v. Does 1-4,* No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006).
[9] *Interscope Records v. Does 1-25,* No. 06:04-cv-00197-ACC-DAB, U.S. Dist. LEXIS 27782 (M.D. Fla. April 1, 2004).

**(b) Plaintiff has erroneously joined defendants based upon use of a common technological platform, not a common occurrence or action within the meaning of Rule 20.**

BitTorent is a programming protocol. It is a set of rules, syntax, and code that provides a platform for developing software. There are several software applications that utilize torrents to transfer data across the internet. By dividing a large file into smaller torrents, the software allows a user to retrieve large amounts of information from multiple users without consuming the bandwidth of a single user. BitTorent applications allow for efficient transfer of information across the internet, and like all utilities, can be used for licit and illicit activities.

Bit Torrent retrieves pieces of this material from various users of a file, including extra-territorial users. This information is retrieved and re-assembled on a computer requesting a particular file. Because files requested are large, BitTorrent divides a large file into smaller pieces typically not more than 512 kilobytes[10] (1 kilobyte = 1,000 bytes). A full-length BitTorrent film may vary greatly in size from several hundred megabytes to several gigabytes. (1 megabyte is 1,000,000 bytes; 1 gigabyte is 1,000,000,000 bytes). For example, a high quality BitTorrent of the movie "Avatar" may be 10 gigabytes[11], and a copy of the movie "Star Wars" might vary in size from 700 megabytes to 8 gigabytes[12]. Therefore, in a typical retrieval, a bit torrent user may be comprised of anywhere from two-thousand (2,000) to eight-thousand (8,000) individual files, from an unknown number of users. Because the files are so large, and retrieved from various users, a file may download in a manner of a few hours, or several days depending on the file size and age of the film. But not all users of BitTorent are equal; some users may

---

[10] *Creating and publishing torrents*, BitTorrent (protocol), http://en.wikipedia.org/wiki/BitTorrent_(protocol) (last visited Oct. 31, 2010).
[11] *Avatar Most Pirated Blu-ray Film Ever*, Torrent Freak, http://torrentfreak.com/avatar-most-pirated-blu-ray-film-ever-100427/ (last visited Oct. 31, 2010).
[12] *Star Wars*, Isohunt, http://isohunt.com/lite/#q=star%20wars (last visited Oct. 31, 2010).

possess a partial copy of a movie, some users have a complete copy, and some users, once they have retrieved a complete copy of a movie, may choose to redistribute the film, or choose not to do so.[13] Plaintiff cannot assert in fact or law that this motley universe of potential infringers, uploading and downloading multiple copies of its copyrighted work at different dates and times, have committed a single act "*arising out of the same transaction, occurrence, or series of transactions or occurrences*" such that Rule 20 joinder would be proper.

Plaintiff claims that each movant "has used, and continues to use, and online media distributions system to distribute to the public, including making available for others, the Copyrighted Motion Picture," (Complaint, Dkt 1, p. 5). This allegation seems inconsistent with the technological features of BitTorrent. BitTorrent dis-assembles and reassembles thousands of single torrents into a given file. A BitTorrent application does not transfer a single complete file from user A and distribute that file to user B. A BitTorrent application may access hundreds or thousands of segments of a given file and re-assemble it for a user. One might expect plaintiff's allegations to include the size of content that each John Doe copied or distributed. An individual who has copied or distributed 512 kilobytes should not be joined with an individual who has distributed 4 gigabytes. Plaintiff's unforeseen profits would be significantly different depending upon how much content was downloaded or uploaded, and how many times this occurred. Plaintiff's joinder is therefore improper.

Plaintiff has misjoined Mr. Collins with other unknown Does. Moreover, plaintiff's complaint contends that through discovery it may identify additional infringing parties to be added to the complaint (Complaint, Dkt 1, p.4). Plaintiff has joined thousands of unknown defendants, and plaintiff seeks to add an unknown number of additional defendants during

---

[13] See *Brian's BitTorrent FAQ and Guide*, http://btfaq.com/serve/cache/23.html (last visited Oct. 31, 2010)

14

discovery. Within this unknown group of defendants the Court will need to distinguish between users who may have copied segments of plaintiff's film, defendants that may have never distributed plaintiff's film, defendants who may have distributed multiple complete copies of plaintiff's film, and defendants whom may have distributed only segments of plaintiff's film – not to mention defendants whom may have been inaccurately identified as infringers[14].

With all of these unknown factors, and the likelihood that the pool of potential infringers will grow, plaintiff's contention that all of these individuals should be joined is without merit, considering that the universe of infringers have done so utilizing different software applications, downloading or uploading different segments of plaintiff's film, at different times and from different locations.

The Court should therefore sever Mr. Collins suit, and within its discretion, quash the subpoena for improper joinder.

## **Conclusion**

Plaintiff has not alleged any facts that would subject Larry Collins to personal jurisdiction of this District Court. Furthermore, Mr. Collins' declaration does not give rise to any facts that would subject him to the personal jurisdiction in the District of Columbia. Plaintiff has also improperly joined Mr. Collins with more nearly 5,000 other unknown defendants. This improper joinder prejudices both movants and all other unknown Does, and will only serve to hinder the proper administration of justice.

---

[14] Michael Piatek Challenges and Directions for Monitoring P2P File Sharing Networks –or– Why My Printer Received a DMCA Takedown Notice, (unpublished PhD publication, Univ. of Wash., on file with author), available at http://dmca.cs.washington.edu/index.html (last visited Oct. 31, 2010). (Piatek creates experiments illustrating how DMCA notices can be falsely generated for non-infringing devices, like printers. Author illustrates how the method of monitoring and collecting infringing IP addresses influence the reliability of the IP address receiving a DMCA notice.)

Case No. 1:10-cv-000453RMC

As jurisdiction and joinder are improper, this Court should quash the subpoena and dismiss the claim for copyright infringement against Mr. Collins.

Date: November 9, 2010

/s/ Patrick J. King

PATRICK J. KING
D.C. Bar No.: 497837
USDC for DC Bar No.: 497837
47 Seaton Pl., NW
Washington, D.C. 20001
Tel.: (202) 359-4190
Fax: (202) 237-5383
Email: frompeking@yahoo.com

Case No. 1:10-cv-000453RMC

## Certificate of Service

I, Patrick J. King, herby certify that on November 9, 2010, I served copies of the Consolidated Motion to Quash and Dismiss for Mr. Collins, including Exhibit(s) on the following parties by way of U.S. Mail, and electronic mail:

Nicholas A. Kurtz,

Dunlap, Grub & Weaver, PLLC

199 Liberty Street, S.W. Leesburg, VA 20175

e-mail: nkurtz@dclegal.com

\_\_November 9, 2010_____
   Date

Patrick J. King