IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Let this be filed
/s/ RMC[illegible]
11/16/10

ACHTE/NEUNTE BOLL KINO
BETEILIGUNGS GMBH & CO KG

   Plaintiff,

v.              CA. 1:10-cv-00453-RMC

DOES 1-4,577

   Defendants.

## DEFENDANT YOUNG'S REDACTED MOTION TO QUASH

COMES NOW, Betty Young ("Defendant"), and prays that this Court issue an order quashing the subpoena seeking Defendant's personal information:

### SUMMARY OF THE CASE

Plaintiff commenced this lawsuit on March 18, 2010. Complaint – Docket item # 1. Defendant received a letter from SBC Internet Services, Inc. dba AT&T Internet Services ("ATT") on September 27, 2010. Declaration. The letter included: (1) court-directed notice, a copy of the subpoena, (2) a copy of Fed. R. Civ. P. 45(c), (d); and (3) a list of approximately 475 IP addresses and corresponding to dates of alleged copyright infringement. Declaration. A true and correct copy of the letter is attached as Exhibit A. I subsequently called ATT and was informed that my alleged IP address is 74.184.69.101.

### ARGUMENT AND CITATION TO AUTHORITY

I. **Prior Notice of the Subpoena was not Given Pursuant to Rule 45(b)(1)**

The Plaintiff did not comply with Rule 45 of the Federal Rules of Civil Procedure when issuing the Subpoena; therefore, quashing the subpoena is appropriate in this case. Rule 45(b)(1) states in relevant part: "**If the subpoena commands the production of documents . . . then**

RECEIVED
NOV - 4 2010

1

Clerk, U.S. District and
Bankruptcy Courts

**before it is served, a notice must be served on each party.**" Proper service of a "written notice" is governed by Fed.R.Civ.P. 5(a)(1)(E), and pursuant to Rule 5(b)(2)(C) service can be completed through mail and is effective upon mailing. Parties must receive prior notice before the subpoena is served, not merely before the date of production of documents. See U.S. v. Philip Morris, Inc., 312 F.Supp.2d 27, 37 (D.D.C. 2004).

In Philip Morris, the Court quashed several subpoenas that were, *inter alia*, served without "prior notice" being given. Id at 38. The Court reasoned that, "Fed.R.Civ.P. 45(b)(1) requires prior notice before issuing and signing document production subpoenas. No such prior notice was provided. The violation of Rule 45 by Koslowe, *et al*, is clear." Id at 37. The Court also stated that because of "flagrant violations of the Federal Rules . . . to say nothing of common courtesy and civility . . . the Court concludes that the Motion to Quash will be **granted**." Id at 38. What is striking about the Court's holding in Philip Morris is that prior notice must be given before the "issuing and signing" of a subpoena. Id at 37. Plaintiff not only failed to give Defendant "prior notice" of the Subpoena, it waited until it had already served the Subpoena on ATT before giving Defendant any notice whatsoever.[1] The Subpoena was signed and issue on August 30, 2010 long before Defendant received a copy. The Advisory Committee's commentary to the 2007 amendments to Rule 45 also supports this application of Rule 45(b)(1):

> Former Rule 45(b)(1) required "prior notice" to each party of any commanded production of documents and things or inspection of premises. Courts . . . have tended to converge on an interpretation that requires notice to the parties before the subpoena is served . . ..
> That interpretation is adopted in amended Rule 45(b)(1) to give clear notice of general present practice.

See also Wright & Miller, *Federal Practice & Procedure*, § 2457 ("Rule 45(b)(1) requires that

---

[1] Defendant uses the term "served" loosely here. Defendant contends that service of the Subpoena was not proper.

prior notice be served on each party as prescribed by Rule 5(b) before serving a subpoena commanding the production of materials"); Id at § 2454:

> Before the 2007 amendments, the requirement of "prior notice" for service of a subpoena duces tecum used to command the production of documents and other things was interpreted widely to require that notice be given before the issuance of the subpoena duces tecum, not before its return date.[FN22] A wording change included in the 2007 amendment to Rule 45(b)(1) made this general practice explicit, requiring that for subpoenas commanding production or inspection, notice be given to each party "before it is served."[FN23]

Defendant is unaware of the date when ATT received the subpoena, but it must have been previously because ATT notified Defendant of subpoena, not Plaintiff. Exhibit A. Also, since the subpoena requires the production of documents on October 12, 2010, it is likely that ATT received the subpoena well before this time. Defendant does not concede that the letter constituted sufficient "notice" pursuant to Rule 45, but even assuming *arguendo* that the letter was sufficient, Plaintiff did not deliver prior notice pursuant to Rule 45(b)(1). Rule 45(b)(1) clearly states that notice must be served on all parties "before it is served," which was not done here. Therefore, it would be appropriate for the Court to quash the Subpoena.

## II. Plaintiff Served Subpoenas in Excess of the Court's Jurisdiction Pursuant to Fed. R. Civ. P. 45(b)(2).

Quashing the Subpoena is also appropriate because the Subpoena was issued in excess of the Court's jurisdiction pursuant to Rule 45(b)(2). Rule 45(b)(2) specifies the jurisdictional limits of a subpoena. Rule 45(b)(2) provides:

> (2) Service in the United States. Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
> (A) within the district of the issuing court;
>
> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production,

3

or inspection;

      (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

      (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

See Wright & Miller, *Federal Practice & Procedure*, § 2454 (current through 2010 update) ("The Service of a subpoena is controlled by Federal Rule 45(b).")

### A.  Not Sufficient Pursuant to Rule 45(b)(2)(A), (C) & (D)

Here, the Subpoena states that it was mailed to ATT in San Antonio, Texas. Exhibit A. Thus, it was not properly served "within the district" as authorized by Rule 45 (b)(2)(A) nor was it properly served "within the state" as authorized by Rule 45 (b)(2)(C). Likewise, it was not served pursuant to Rule 45 (b)(2)(D) since Plaintiff has not made a motion for the Court to permit service under another applicable federal statute.[2]

### B.  Not Sufficient Pursuant to Rule 45(b)(2)(B)

The only remaining paragraph that could possibly justify service of the Subpoena is Rule 45(b)(2)(B), which permits service "outside the district but within 100 miles of the place specified for . . . production, or inspection." However, Rule 45(b)(2)(B) does not apply here because the Subpoena calls for the production of documents greater than 100 miles from where ATT was served in explicit violation of the Rule. And this District has clearly held that improperly serving a subpoena pursuant to Rule 45(b)(2)(B) deprives the Court of jurisdiction to issue the subpoena, and that quashing the subpoena is the appropriate remedy. See Miller v. Holzmann, 471 F.Supp.2d 119, 121 (D.D.C. 2007); Gipson v. Wells Fargo Bank, N.A., 239

---

[2] Defendant doubts whether Plaintiff would even be able to avail itself of any other federal statute.

F.R.D. 280, 281 (D.D.C. 2006).

In Miller, three expert witnesses received subpoenas for the production of documents that were to be produced at "601 D. Street, N.W., Room 9916, Washington D.C." However, the witnesses lived more than 100 miles from that address. Id at 121. When the witnesses didn't produce the documents and the plaintiff filed a motion to compel. Id at 120. The witnesses argued that the motion to compel should be denied because the location for the production of documents was "more than 100 miles from their homes or businesses" in violation of Rule 45(b)(2)(B). Id at 121. It was argued in response that the 100-mile limitation of Rule 45(b)(2)(B) didn't apply because the subpoenas, "[did] not require the witnesses' attendance anywhere but only the production of documents." Id at 121. However, the Court denied the motion to compel, holding that: "**the limitation of Rule 45 unequivocally applies both to attending a deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home.**" Id at 121. The Court reasoned as follows:

> It [Rule 45] draws no distinction whatsoever between being compelled to testify and being compelled to produce documents at a certain place. The government's subpoenas specifically require the expert witnesses to "produce and permit inspection and copying of the following documents or objects at the place, date and time specified below" and the place is, of course, the Department of Justice office on D Street in the District of Columbia.

Id at 121.

In Gipson, the plaintiff signed a subpoena for the deposition of a witness living outside of the 100-mile limitation of Rule 45(b)(2)(B), Id at 281, and the defendant filed a motion for a protective order seeking to quash the subpoena. Id at 280. The Court quashed the subpoena, holding that, "**As a non-party to this action who is located well over 100 miles from this Court's jurisdiction, Mr. Hall is not subject to the subpoena power of this Court.**" Id at

281. The Court also reasoned as follows:

> To allow a deposition would abrogate Federal Rule of Civil Procedure 45, which permits a subpoena to issue only for deponents located within 100 miles of this Court. FED.R.CIV.P. 45(B)(2); *see also* Fleming v. Ford Motor Co., No. Civ.A 05-1333, 2006 WL 566109, at *3 (D.D.C. Mar. 7, 2006). A deposition by telephone cannot evade the proscription of the Rule. Plaintiff provides no authority to support its notice of deposition to Phil Hall. As a result, and in simply acknowledgement of the rules of this Court, defendant's motion for a protective order as to the deposition of Phil Hall is granted.

Id at 281. See Mazloum District of Columbia Metro. Police Dep't, 248 F.R.D. 725, 727-28 (2008), stating in *dicta*:

> Rule 45(c)(3)(A)(ii) functions as a *limitation* on the scope of Rule 45(b)(2)(B) rather than an expansion of authority. . . . The phrase "subject to," of course, commonly refers to a constraint . . . The majority position, however, appears to interpret that phrase as if it read: "*In addition to the provision of* Rule 45(c)(3)(A)(ii), a subpoena may be served at any place ..." That is an odd construction. . . . But there does not appear to be a basis in the text of Rule 45(c)(3)(A)(ii) to authorize valid service of a subpoena upon a party witness beyond the normal 100-mile range of a federal court's subpoena power.

Plaintiff might argue that as long as the Subpoena satisfies Rule 45(c)(3)(A)(ii), service of the subpoena was proper. Plaintiff will likely cite Walker v. Center for Food Safety, 667 F.Supp.2d 133 (D.D.C. 2009) for this proposition. However, any reliance on Walker would be misplaced and would contradict the reasoning contained in Mazloum as well as the holdings in Miller and Gipson, *supra*. In Walker, the Court held that Rule 45(c)(3)(A)(ii) only applied to, **"travel by a subpoenaed person, but a person commanded to produce documents 'need not appear in person at the place of production or inspection.' See Fed.R.Civ.P. 45(c)(2)(A)."** Id at 138. Thus, the question in Walker was whether Rule 45(c)(3)(A)(ii) was still a basis for quashing the subpoena even though the documents could be produced through mail or

electronically. The Court held that Rule 45(c)(3)(A)(ii) is not a basis if for quashing or modifying of a subpoena for the production of documents if the documents will be produced by mail, for example. Id at 138. The Court did not even address the issue of how a subpoena is properly served pursuant to Rule 45(b)(2)(B). Plaintiff would have the Court interpret the holding in Walker interpreting Rule 45(c)(3)(A)(ii) as implicitly negating the service requirements of Rule 45(b)(2)(B),[3] at least in regard to non-party subpoenas, even though there is no such language in Rule 45(c)(3)(A)(ii).

It is important to note that a majority of jurisdictions have adopted Plaintiff's interpretation of Rule 45. See In re Vioxx Products Liability Litigation, 438 F.Supp.2d 664 (E.D.La. 2006). However, fortunately courts in this District have adopted the more well-reasoned minority approach. See Miller, Gipson, and Mazloum (*dicta*), *supra*. It is also worth noting that a growing number of jurisdictions are adopting the reasoning set forth in Mazloum. See e.g. Johnson v. Big Lots Store, Inc., 251 F.R.D. 213 (E.D.La. 2008) (containing a very thorough analysis of both portions of Rule 45, and relying on Mazloum at 216 and 217); Chao v. Tyson Foods, Inc., 255 F.R.D. 556 (N.D.Ala. 2009) (relying on Mazloum at 558).

To summarize, Miller held that Rule 45(b)(2)(B)'s 100-mile limitation applies to the service of subpoenas seeking testimony and/or the production of documents. Gipson made this absolutely clear, holding that the 100-mile limit applies even if the deposition could be conducted over the telephone. Lastly, Mazloum gave well-reasoned *dicta of* how Rule 45(c)(3)(A)(ii) does not supersede the service requirements of Rule 45(b)(2)(B). Plaintiff may argue that Defendant lacks standing to challenge a subpoena issued to a non-party simply because it was not properly served pursuant to Rule 45(b)(2)(B). However, it is important to note that in Gipson it was the defendant who filed the motion for a protective order, not the non-

---

[3] And arguably the other sub-paragraphs of Rule 45(b)(2).

parties who were subpoenaed. <u>Gipson</u> at 280.

Here, the Subpoena clearly specifies that documents are to be produced for inspection at "1200 G. Street, Suite 800, Washington DC, 20005," but the subpoena states that ATT was served in San Antonio, Texas. Exhibit A. Therefore, quashing the Subpoena is proper in this case since the Subpoena was improperly served outside the Court's jurisdiction.

## CONCLUSION

The Subpoena in this case should be quashed Defendant did not receive prior notice pursuant to Rule 45(b)(1) the Subpoena was not properly served within the jurisdictional limits set forth by Rule 45(b)(2)(B).

Respectfully submitted this _3_ day of November, 2010:

_____
Betty Young

byoung@floydboe.net

### Certificate of Local Rule 7(m) Compliance

On October 28th through November 1st an agent acting on my behalf was unsuccessful in resolving this discovery issue with Plaintiff's counsel.

I certify under penalty or perjury that the foregoing is correct.

_____
Betty Young

## CERTIFICATE OF SERVICE

On November 3, 2010, I sent a true and complete copy of the foregoing Defendant Young's Redacted Motion to Quash to the following parties and/or their attorneys of record by depositing a copy in the United States mail and by e-mail:

Mr. Nicholas Kurtz
Dunlap, Grubb & Weaver, PLLC
1200 G. Street, NW Suite 800
Washington, DC 20005

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Betty Young