IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Let this be filed*
*RM Colley*
*11/16/10*

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG | : : : |
| Plaintiff, | : : |
| v. | : CA. 1:10-cv-00453-RMC : |
| DOES 1-4,577 | : : |
| Defendants. | |

## MOTION TO SEAL

COMES NOW, Defendant Young ("Defendant") and files this Motion to Seal:

## SUMMARY OF THE CASE

Plaintiff commenced this lawsuit on March 18, 2010. Docket entry # 1. Defendant received a letter from SBC Internet Services, Inc. dba AT&T Internet Services ("ATT") on September 27, 2010. Declaration. The letter included: (1) court-directed notice, a copy of the subpoena, (2) a copy of Fed. R. Civ. P. 45(c), (d); and (3) a list of approximately 475 IP addresses and corresponding to dates of alleged copyright infringement. Exhibit A. A true and correct copy of that letter is attached as Exhibit A. Declaration. I subsequently spoke to ATT and was told that the IP address associated with my account is 74.184.69.101. Declaration. On September 10, 2010, the Court commented that John Does who disclose their personal information in their filings might moot any motion to quash the subpoena seeking that information. See docket entry # 44. On September 16, 2010, the Court ordered that John Doe filings will not be accepted unless they contain the John Doe's name, address, phone number, and e-mail address. Docket item # 91.

## ARGUMENT AND CITATION TO AUTHORITY

1

RECEIVED
NOV - 4 2010
Clerk, U.S. District and Bankruptcy Courts

Fed. R. Civ. P. Rule 5.2(d) states: "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Local Rule 5.1(j) states that in order to make a sealed or redacted filing, a person must place the filings in a sealed envelope for an *in camera* review, and include a motion for a protective order/motion to seal." Defendant seeks permission to file a sealed Motion to Quash. In the alternative, Defendant seeks the Court's permission to file a redacted version of the Motion to Quash in the public record, with an un-redacted copy remaining under seal pending the resolution of the motion to quash. The redacted version omits Defendant's **address and phone number**.

Good cause exists here to permit the filing of a redacted motion primarily because this is the only possible way for Defendant to challenge the Subpoena while at the same time protecting their personal information. The Court's orders contained at docket entries #44 and # 91 make this the only method of challenging the Subpoena without disclosing the same information that the Subpoena seeks.

Good cause also exists here because Defendant is challenging the subpoena on jurisdictional grounds. See e.g. Miller v. Holzmann, 471 F.Supp.2d 119, 121 (D.D.C. 2007); Gipson v. Wells Fargo Bank N.A., 239 F.R.D. 280, 281 (D.D.C. 2008); Mazloum v. Dist. Of Columbia Police Dep't, 248 F.R.D. 725, 727-28 (D.D.C. 2008). The Court has previously accepted a sealed motion to quash, stating that "Mr. Doe filed his motion to quash under seal and thus the issue of his identifying information is not moot." See docket entry # 41. However, the Court went on to deny the motions to quash because, "the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable." Id. Here, Defendant seeks to challenge the jurisdictional reach of the Subpoena, not the merits of the underlying claim(s).

Therefore, good cause exists here.

WHEREFORE, defendant prays that this Court grant this Motion to Seal.

Respectfully submitted this 3 day of November, 2010:

*Betty Young*
Betty Young
Alleged IP Address: 74.184.69.101

### Certificate of Local Rule 7(m) Compliance

On October 28th through November 1st an agent attorney on my behalf was unsuccessful in resolving this discovery issue with Plaintiff's counsel.

I certify under penalty or perjury that the foregoing is correct.

*Betty Young*
Betty Young

### CERTIFICATE OF SERVICE

On November 3, 2010, I sent a true and complete copy of the foregoing Motion to Seal to the following parties and/or their attorneys of record by depositing a copy in the United States mail and by e-mail:

Mr. Nicholas Kurtz
Dunlap, Grubb & Weaver, PLLC
1200 G. Street, NW Suite 800
Washington, DC 20005

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Betty Young*
Betty Young

### Declaration of Betty Young

I, Betty Young, do hereby swear and affirm that the following facts are true to the best of my knowledge and belief:

1. My name is Betty R. Young and I currently reside in Georgia;

2. I am currently in discussions with possibly retaining counsel in the District of Columbia to defend this matter;

3. On September 27, 2010, I received a letter from AT&T Internet Services ("ISP") regarding a case in the District of Columbia styled <u>Achet/Neunte Boll Kino Beeiligungs GMBH & Co KG v. John Does 1-4,577</u>, Civil Action No. 1:10-cv-00453-RMC, which contained a list of approximately 475 IP addresses associated with copyright infringement and corresponding dates and times of infringement, a court-directed notice, and a copy of Federal Rule of Civil Procedure Rule 45(c), (d);

4. I subsequently called ATT and was told that my IP address is allegedly 74.184.69.101;

4. I have had to retain counsel here in Georgia in order to resolve the discrepancies with the subpoena that I received from ATT;

6. The letter did not list the alleged date of infringement until I was subsequently told, and was told which IP address was mine;

I declare that under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief this 3 day November, 2010:

*Betty Young* (signature)
Betty Young