## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO. KG,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>DOES 1 - 4,577,  )<br><br>Defendants.  ) | Civil Action No. 10-453 (RMC) |

### ORDER DENYING MOTION TO QUASH

Plaintiff Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG is the owner of the copyright of the motion picture "Far Cry." Plaintiff brought this suit for copyright infringement against John Does 1 - 4,577, individuals who allegedly illegally downloaded and distributed "Far Cry" over the Internet. When the suit was filed, Plaintiff did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringement. In order to discover the actual names of the Doe Defendants in this case, Plaintiff subpoenaed the Internet Service Providers who provide service to the identified IP addresses, and the Providers gave notice to their customers of the subpoena.

Betty Young received such a notice and has moved to quash the subpoena served on her Internet Service Provider. She complains that she did not receive notice prior to the issuance of the subpoena and she complains that the subpoena was served outside the jurisdictional limits of this Court. *See* Fed. R. Civ. P. 45(b)(1), (b)(2)(B). However, a party does not have standing to object

to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest, or privacy interest in the subpoenaed matter. *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). Thus, Ms. Young does not have standing to raise the grounds of notice and jurisdictional limits.[1] With regard to a claim of privacy, this Court already found that the Doe Defendants in this case do not have a cognizable claim of privacy in their subscriber information. *See* Mem. Op. [Dkt. # 44] at 5-6 (denying motions to quash subpoena); Order [Dkt. # 91] (denying Doe Defendants' request to proceed anonymously). Further, the Doe Defendants names and addresses are not privileged or proprietary.

        Accordingly, Betty Young's Motion to Quash Subpoena [Dkt. # 138] is **DENIED**.

Date:   November 18, 2010                      /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge

---

[1] There are no outstanding objections to the subpoenas by the Internet Service Providers on these or any other grounds.