UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO. KG, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-453 (RMC) |
| ADRIENNE NEAL AND DOES 1 - 139, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Plaintiff Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG brought this suit against persons who allegedly copied and distributed its motion picture, *Far Cry*, over the Internet. It then issued subpoenas to various Internet Service Providers to identify such persons, known only by their Internet Protocol ("IP") addresses. On December 6, 2010, Plaintiff filed a Notice of Voluntary Dismissal of Certain Doe Defendants and filed a Second Amended Complaint, naming as defendants Adrienne Neal and 139 Does. *See* Notice [Dkt. # 144]; Second Am. Compl. [Dkt. # 145]. Plaintiff obtained a clerk's entry of default against Ms. Neal on February 1, 2011, and now seeks entry of default judgment. Ms. Neal opposes, and the motion will be denied.

Ms. Neal, acting pro se, filed a letter denying the allegations set forth in the Second Amended Complaint. She stated:

> I have never before heard of the plaintiff's movie, nor do I participate in the file sharing through P2P[1] or have any knowledge of software that would enable me to do so. The only evidence the plaintiff's representation has presented is an IP address that my ISP provider has linked to my name and address, allowing this case to be heard before

---
[1] P2P is peer-to-peer file sharing.

> your court. I contend that the plaintiff has made use of flawed technology that has been proven to bring about false accusations.

Neal's Letter [Dkt. # 162] at 1. She goes on to assert that researchers have discovered that the technology used by Plaintiff yields erroneous results:

> [R]esearchers were able to generate DMCA notices[2] for computers that never downloaded or shared any copyrighted content. They were even able to show that copyright infringement takedowns could be placed on such items as printers, proving that a BitTorrent user could maliciously frame arbitrary network endpoints.
>
> It is possible for an innocent person to be falsely accused of infringement because the technology used to identify BitTorrent users makes use of inconclusive techniques. This means that DMCA complaints can be filed against users who have not been maliciously framed or have used P2P software.

*Id*. at 2.[3]

Ms. Neal also filed a motion to set aside the Clerk's entry of default, stating that she has not been properly served. *See* Neal's Mot. to Set Aside Clerk's Default [Dkt. # 165]. Plaintiff's proof of service indicates that service was effected by leaving the Summons and Second Amended Complaint with "Jay Harrison, a housemate of Adrienne Neal." *See* Aff. of Service [Dkt. # 156]. Ms. Neal avers that she does not know anyone by the name of Jay Harrison and no such person lives

---

[2] "DMCA" is the Digital Millennium Copyright Act of 1998, Pub. L. 105-304, 112 Stat. 2860 (amending and adding to various provisions of Title 17). A "takedown" notice is a notice requesting that a website owner take down allegedly infringing content and links.

[3] Plaintiff moves to strike Ms. Neal's letter because: (1) Plaintiff cannot tell if the letter is a responsive pleading or a motion to dismiss or for relief from default; (2) because the letter is not timely; and (3) the Clerk already entered default. Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, courts construe pro se pleadings liberally. *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004). Accordingly, the Court construes Ms. Neal's letter as a motion to set aside the Clerk's entry of default and as a response to Plaintiff's motion for entry of default judgment. Plaintiff's motion to strike the letter is denied.

in her household.  Neal's Mot. to Set Aside Clerk's Default at 1.

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause.  *See* Fed. R. Civ P. 55.  Three criteria are considered in determining whether good cause has been shown:  (1) whether the default was willful; (2) whether the set-aside would prejudice plaintiff; and (3) whether the defendant has presented a meritorious defense.  *See Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 274 (D.C. Cir. 1980).  Default judgments are not favored by the federal courts because cases should be decided on the merits.  *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).  Because Ms. Neal indicates that she was never properly served and she has a meritorious defense and because a decision on the merits is favored, Plaintiff's motion for default judgment is denied.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for default judgment [Dkt. # 161] is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff's motion to strike Ms. Neal's letter [Dkt. #164] is **DENIED**; and it is

**FURTHER ORDERED** that Adrienne Neal's motion to set aside Clerk's entry of default [Dkt. # 165] is **GRANTED**; and it is

**FURTHER ORDERED** that the Clerk's Entry of Default as to Adrienne Neal [Dkt. # 159] is **SET ASIDE**.

Date: April 15, 2010 　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　ROSEMARY M. COLLYER
　　　　　　　　　　　　　　　　　　　　　United States District Judge